ALABAMA & VICKSBURG RAILWAY COMPANY v. JOHN W. HANES.

1. PRACTICE.  *Evidence.   Variance.*

   Where the declaration alleges that certain wrongs, causing injury to
   plaintiff, were *wilfully* and negligently done, and plaintiff's evidence
   shows that they were negligently done merely, a motion to exclude the
   evidence for variance is rightly overruled.

2. SPECIAL DAMAGES.  *Tort.   Averment.   Evidence.*

   The rule, that where the declaration contains no specifications of the
   nature and kind of damages claimed, only such as naturally and
   proximately arise out of the act complained of can be recovered, does
   not apply, in actions for tort.

FROM the circuit court of Warren county.
HON. J. D. GILLAND, Judge.

Plaintiff Hanes, with others, took passage on defendant's
train at Vicksburg, and paid his fare to Four Mile Bridge, a,
flag-station a few miles distant.   The train, which was a
special excursion train, ran by the station, stopping a short
distance beyond it—according to some of the evidence, nearly
a mile—and plaintiff, with other passengers for the same
place, alighted, and the train moved on.

For plaintiff there was evidence to show that when the
train stopped the conductor helped the passengers off, and
when complaint was made that they were not at the station,
he replied that the station was "just back there," and gave
the engineer the signal to start.

For defendant there was evidence that the conductor at-
tempted to signal the engineer to stop as the train neared
the flag-station, but the signal was ineffectual, and the train
was finally stopped by what is called the "conductor's brake,"
whereupon the conductor called to the passengers preparing
to disembark to remain in the car and the train would be
backed to the station, and that some one of the party replied,
"Go ahead, we are all right."

This occurred at night and in the month of November, when the weather was cool. There was no ticket-office at the flag-station and no agent, and the plaintiff was compelled, in order to reach his home, to walk back in the dark about a mile. The ground was very uneven, and in some places muddy, and, to avoid walking across a trestle over a ravine, plaintiff left the railroad-track and with great difficulty found his way across the ravine under the trestle, finally reaching his home. As a result of the exposure, he contracted severe cold, culminating in inflammation of the throat, and finally in such injury to the vocal organs that his power of speech was seriously affected. He instituted this action for damages against the Alabama & Vicksburg Railway Company, alleging that it "wilfully, negligently and wrongfully" refused and failed to stop the train at Four Mile Bridge station; that it "wilfully and wrongfully" refused to back the train to the station, and "wilfully and wrongfully" compelled him to leave the train, etc., "in consequence whereof he was hurt, bruised and suffered great discomfort in body and mind, and for a long time thereafter was made sick and otherwise caused to suffer, to his damage $5,000, wherefore he sues," etc.

On the trial it was shown that in addition to the injury to his throat and voice, plaintiff had contracted a nervous disease affecting his eyes and face, and known as chorea, and there was some evidence connecting this disease, developed after suit brought, with the exposure and cold above mentioned.

After the evidence for the plaintiff had been submitted, defendant moved to exclude it, because (1) the declaration, which was in tort, averred a wilful and wrongful refusal and negligent failure to stop the train; a wilful and wrongful refusal to back the train, and a wilful and wrongful compulsion of plaintiff to alight, whereas, the evidence showed no intentional wrong in reference to any of these acts, but at most only negligence; (2) because no itemized bill or claim of

damages was set out in the declaration or accompanied it, and the special damages given in evidence were not recoverable. This motion was overruled.

The record presents other questions arising out of the evidence, on instructions and refusal to grant a new trial, but as the opinion of the court specially notices only the two points presented by the above motion, and the refusal of one instruction, it is not necessary to be more explicit. Plaintiff had verdict and judgment for $2,200. Motion for new trial overruled, and defendant appeals.

*Birchett & Shelton*, for appellant.

The declaration alleged wilful refusal to stop, wilful refusal to back the train and wilful compulsion to alight. The evidence at most showed only negligence. The case made by the declaration is not that made by the evidence. There is a fatal variance, and the motion to exclude should have been sustained. *R. R. Co.* v. *Jacobs*, 9 So. Rep. (Ala.), 320; 79 Ala., 436; *Highland Av. & B. R. Co.* v. *Winn*, 9 So. Rep., 509.

It was error to refuse the eighth instruction. The duty to put plaintiff off at the flag-station arose only out of the contract of passage. The failure to stop was not a violation of a public duty, but simply a breach of contract. The rules for assessing damages in actions of contract apply, and only such special damages were recoverable as naturally and proximately follow the breach. 1 Sutherland, Damages, 74–105; *Murdock* v. *R. R. Co.*, 133 Mass., 15. If these cases run counter to *R. R. Co.* v. *Mask*, 64 Miss., we say that the facts of that case are materially different from the facts in this case.

The declaration does not lay the ground for admitting testimony as to the nervous disease in plaintiff's face, developed after suit begun. 1 Chitty Pldg., 385–387; 3 Lawson's Rights & Rem., 1216.

*Nugent & McWillie*, on the same side.

There was a fatal variance between the allegations and the

proof, and the evidence should have been excluded. The only exception is when the variance is immaterial. *Port Royal & A. R. Co.* v. *Tompkins*, 10 S. E. Rep., 356; *R. R. Co.* v. *Beam*, 11 Brad., 215; *R. R. Co.* v. *Shauffler*, 75 Ala., 136. The evidence, fairly considered, shows only a breach of contract of passage. 2 Am. & Eng. R. R. Cas., 146; 8 *Ib.*, 123.

The damages proven were not the necessary consequences of the wrongs, and were not recoverable under the pleadings. *Walsh* v. *Ry. Co.*, 15 Am. Ry. Rep., 71; 40 Miss., 44; 2 Rorer on Railways, 868. Damages for annoyance and vexation are not recoverable. *R. R. Co.* v. *Gill*, 66 Miss., 39; *Dorrah* v. *R. R. Co.*, 65 *Ib.*, 14.

*L. W. Magruder*, for appellee.

1. There was no variance. Under the allegation of wilful and negligent wrongs, evidence of mere negligence was competent. The wilful acts charged necessarily involved failure or omission of some duty. The wrongful act remained the same, whether wilful or negligent. The terms are mere qualifications of the degree of the wrong. *Express Co.* v. *Brown*, 67 Miss., 260; 1 Sherm. & Redf. Neg., § 6. The contention of appellant finds countenance only in the Alabama and Indiana courts, but such is not the law of this state; nor are the decisions relied on sound. But the suit is not exclusively for a wilful tort, as distinguished from negligence. The gravamen is defendant's failure to do its duty. See *Heirn* v. *McCaughan*, 32 Miss., 1; *Wilson* v. *R. R. Co.*, 63 *Ib.*, 352. Wilfulness is a mere element of negligence. *Chicago R. R. Co.* v. *Scurr*, 59 Miss., 456; *R. R. Co.* v. *Dorrah*, 65 Miss., 14; 61 *Ib.*, 11; 40 *Ib.*, 374; 47 *Ib.*, 607; 50 *Ib.*, 315; Thompson, Carriers, 226; 2 Thompson, Neg., 1246.

2. It was not necessary in a case like this to more specifically set out the damages. *Ry. Co.* v. *Mask*, 64 Miss., 738; *Heirn* v. *McCaughan*, 32 *Ib.*, 17. All the cases relied on by appellant are cases of contract, not tort.

*Martin Marshall,* on the same side.

1. The only object of the rule requiring the *allegata* and *probata* to agree is to advise the court of the nature of the case and enable the parties to be prepared with evidence; in short, to prevent surprise. In this case all the facts correspond with the declaration. The proof merely fell short of sustaining the motive alleged. The gravamen was a breach of public duty and contract in carrying plaintiff by his station. If negligence is averred, further allegations that it was wilful may be treated as surplusage. 2 Thomp. Neg., 1246, 1247. Although malice is averred, if the thing complained of would by itself subject defendant to damages, the motion for nonsuit for variance will not be sustained. 1 *Ib.,* 251, 252; *Pauton* v. *Holland,* 17 Johns (N. Y.), 92; 2 East, 452. The later Alabama cases confess that the rule announced in that state is technical. They are constrained only by precedent. In *Highland Av. & B. R. Co.* v. *Winn,* relied on by appellant, the citation, a reference to Greenl. Ev., 51–63, does not sustain the proposition announced in the opinion.

2. This being an action of tort, it was not necessary to lay the damages more specifically. 1 Suth. Dam., 74–105. The case of *Hobbs* v. *Ry. Co.,* L. R., 10 Q. B., 111, relied on by appellant, was cited by Sutherland only to condemn it. *Ib.,* 102. See *Ry. Co.* v. *Mask,* 64 Miss., 738.

Woods, J., delivered the opinion of the court.

The action of the trial court in refusing to entertain the appellant's motion to exclude all the evidence offered by appellee was not erroneous. The motion is based upon the idea that the declaration alleging that certain wrongs, set out in that pleading, were done wilfully, and the evidence of the plaintiff showing that they were negligently done, at the worst, there was a fatal variance, and a failure to support the complaint by competent evidence. The pleading averred wrongs done wilfully; the evidence tended to show wrongs

done negligently.   The supposed wrong-doer was a common
carrier of passengers, owing certain duties to the public.
The wrong-doing averred in the pleading was a wilful disre-
gard of some of these public duties; the wrong-doing which
the evidence tended to show was a negligent disregard of
some of these public duties.   The pleading alleged a partic-
ular wrong, and the proof showed, 'or tended to show, a
wrong of the character referred to in the declaration, but of
a lesser degree.   The pleading averred negligence, and more
than mere negligence; the evidence showed negligence merely.

It was altogether permissible to treat the averments of
wilfulness as surplusage.   Striking out that part of the com-
plaint charging wilfulness, there yet remained a sufficient
declaration for wrongs negligently done.

In support of this contention, appellant's counsel refer to
several decisions on this point made by the supreme court of
Alabama.   The Alabama court, in the very recent case of
the *Highland Av. & B. R. Co.* v. *Winn*, 93 Ala., 306, in sub-
stance says that this question was decided in 79 Ala., and that
the point—the fatal variance between an averment of a wilful
act and the evidence of a negligent act—though somewhat
technical, having been passed upon by that court, it will not
now be departed from.   The cases of *C., B. & Q. R. R. Co.*
v. *Bell*, 112 Ill., 360, and the *W., St. L. & P. Ry. Co.* v. *Coble*,
113 Ill., 115, afford no reasonable support for the view con-
tended for by counsel.   The two Illinois cases are to the effect
that where plaintiff has alleged a particular act as negligently
done, and upon which the right of action is founded, he will
not be permitted to prove another act negligently done as the
ground for recovery.   It is apparent, at a glance, that the
question passed upon by the supreme court of Illinois in
both the cases referred to was widely different from the one
involved in this contention.   The only remaining authority
cited by counsel is 2 Thompson on Negligence, p. 1247.   In
this reference we find nothing to aid the counsel's contention.
On the contrary, this author lays it down that if negligence

is sufficiently averred, further allegations that the negligence was wilful may be treated as mere surplusage.

The action complained of was clearly right, and the current of authority in support of it is almost unbroken. 1 Chitty on Pleading, 389; 1 Hilliard on Torts, 123; 17 Johns., 92; 24 Iowa, 336; 45 Mo., 371, and many others.

The refusal of the eighth instruction asked by appellant in the court below, raises the only other question to be considered. This refused instruction said that "the declaration containing no specifications of the nature and kind of damage claimed, the jury can only allow the plaintiff such as naturally and proximately arose out of the fact that he was carried beyond his station and put out or got out at the point shown in the evidence. This damage will be compensated for by allowing a sum sufficient, in the estimation of the jury, to cover the inconvenience of having to walk a greater distance to his house than he would have walked had he gotten out at the flag-station." In support of this assignment of error, counsel insist that the case before us is one in which the rules applicable in suits for damages for the mere breach of a contract pure and simple are to be invoked. There was a breach of an implied contract shown on the part of this common carrier of passengers, but was that all? Connected with this breach of an implied contract there is shown a negligent omission to discharge a duty to the public by the carrier. The declaration and the evidence are for a tort. The mistake of counsel arises from failure to bear in mind the difference in the standards for assessing damages for breaches of contracts merely and in those for torts.

The text-writer cited by counsel as holding this view (Sutherland on Damages, vol. I., pp. 74 to 101) certainly states the law as counsel quote in their brief, but the author is treating of damages for breaches of contracts pure and simple. And the case of *Hobbs* v. *London Railway Co.*, L. R., 10 Q. B., 111, supposed by counsel to be cited approvingly by Sutherland, is cited by the author only to be criticised

and condemned. The English court, in that case, appears to have held to the views advanced by the counsel in the case in hand, but the view receives no countenance from the learned author referred to above.

The case of *Murdock* v. *Boston & Albany R. R. Co.*, 133 Mass., 15, is not at all authority for counsel's contention. Murdock, the plaintiff in that case, brought an action for the recovery of damages for a breach of contract to carry him to North Adams. He sued upon his contract of carriage, in the form appropriate to that cause of action, and was denied a recovery for wrongs maintainable only in an action of tort. The distinction is clearly drawn by the court in its opinion.

The case of *Walsh* v. *Chicago, etc., Ry. Co.*, 42 Wis., 23, affords no ground for the contention here pressed on us. While Walsh's suit was for the failure of the defendant corporation to carry plaintiff from Watertown to Madison, yet the facts disclosed clearly showed only a breach of a special contract, and the action, as we think, on the facts, was properly held to be an action upon the special contract, and not for a tort. The facts showed a special contract for a Sunday train, and a breach of that contract, but no breach of the common carrier's general duty to the public, the railroad company not running passenger-trains on Sunday for the accommodation of the public, nor holding itself out as ready to transport passengers on that day.

We apprehend, however, that there is no conflict in authority on this point. Wherever there seems conflict, it will be found to arise from a failure to keep in mind the distinction between damages for a breach of contract pure and simple and damages for a tort. The refused charge eight, in spirit and letter, is in conflict with the settled law of this state. See *L., N. O. & T. R. R. Co.* v. *Mask*, 64 Miss., 738; *Chicago R. R. Co.* v. *Scurr*, 59 Miss., 456; *So. R. R. Co.* v. *Kendrick*, 40 Miss., 374; *Heirn* v. *McCaughan*, 32 Miss., 17.

The other rulings of the court of which complaint is

made appear to us to be so clearly right as to demand no remark.

The jury has passed upon all the facts offered in evidence, and has determined the issue favorably to the appellee. We cannot say that the jury could not, on the evidence offered, find that appellee's loss of voice and the chorea which dismally afflicts him are not the natural, probable or direct consequences of the wrong which his evidence tended to show was done him.

*Affirmed.*