GEORGE K. PHILLIPS *vs.* WILMINGTON & PHILADELPHIA TRACTION COMPANY

1. EVIDENCE—X-RAY PHOTOGRAPH; WHEN HELD ADMISSIBLE WITHOUT TESTIMONY OF PHYSICIAN WHO TOOK IT.

In an action for personal injuries, testimony of a physician that an X-ray photograph had been taken and developed in his presence and placed in his possession, *and that he could read it, was sufficient to warrant its admission* in evidence without testimony of the physician who actually took it; such being sufficient proof of its accuracy and correctness.

2. EVIDENCE—X-RAY PHOTOGRAPHS ADMISSIBLE.

X-ray photographs of the bony structure of the human body, when properly identified, are admissible in evidence.

(*February 7*, 1922.)

RICE, J. sitting.

*William W. Knowles* for plaintiff.

*Andrew C. Gray* (of Ward, Gray & Neary), for defendant.

Superior Court for New Castle County, November Term, 1921.

SUMS. CASE, No. 92, March Term, 1921.

This is a motion by the defendant for a new trial in an action brought by George K. Phillips, the plaintiff, against the Wilmington & Philadelphia Traction Company, for the recovery of damages for personal injuries which the plaintiff alleged were caused by the negligence of the defendant company while he was alighting from a trolley car owned and operated by it, on the tenth day of November, 1920. Plaintiff also claims that as a result of said accident, he was injured about the left hip and thigh bone.

The verdict was for the plaintiff.

The defendant's motion for a new trial assigned, among others, the following reasons:

First. That the evidence was admitted upon insufficient and improper proof.

Second. That evidence was improperly admitted.

Motion refused.

RICE, J., delivering the opinion of the Court:

[1] Counsel for the defendant argued with great earnestness that the Court had improperly admitted the X-ray photograph

taken in Baltimore by Doctor Evans, without Doctor Evans being present to testify concerning such photograph. Doctor Phillips, a witness for the plaintiff, testified that he was a practicing physician and was present when Doctor Evans took the X-ray photograph of plaintiff; that he assisted in arranging him in position and went with Doctor Evans to the room where the plate was developed and was present while it was being developed; that after it was developed, it had been turned over to him, and had since remained in his possession; and that he was able to read the film produced.

[2]   X-ray photographs of the bony structure of the human body, properly identified, have been so generally admitted into evidence by trial courts, throughout the country, that their admissibility no longer remains an open question. And the correctness of admitting such photographs in this case is not a question; the objection being to the admission, into evidence, of the photograph upon the evidence of Doctor Phillips, who did not take the photograph. The Court at the trial was of the opinion that the correctness and accuracy of the photograph had been sufficiently proved by the testimony of Doctor Phillips, to make its admission into evidence proper, and after a further consideration of the question, the Court remains of the same opinion.

In *Prescott & N. W. R. Co. v. Franks, 111 Ark.* 83, 163 *S. W.* 180, *Ann. Cas.* 1916A, 773, the appellate court held it was not error on the part of the trial court, to admit into evidence an X-ray photograph showing the injury to the plaintiff upon the testimony of a physician, who was present when the photograph was taken, and who was not an X-ray expert. And in *State v. Matheson,* 142 *Iowa,* 414, 120 *N. W.* 1036, 134 *Am. St. Rep.* 426, where an X-ray photograph was admitted upon the testimony of a physician who did not operate the machine but was present at the time the photograph was taken, it was said:

"This physician would know, as well as the man who operated the machine, that the radiograph was the result of the action of the X-ray machine in producing a representation of the bony structure of the body.* * *"

For the reasons stated, the Court refuses to disturb the verdict of the jury, and a new trial is refused.