(95 South. 53)
ATLANTIC COAST LINE R. CO. v. THOMAS. (4 Div. 785.)

(Court of Appeals of Alabama. Jan. 9, 1923.)

1. Damages ⬥158(1)—Allegation as to broken arm held to limit proof to such injury.

Complaint alleging that "her (plaintiff's) arm was broken and she was otherwise seriously injured" sufficiently alleged injuries growing out of and connected with the broken arm, but would not authorize proof of other injuries not connected with the broken arm.

2. Carriers ⬥315(4)—Count held to charge wantonness as direct act of carrier, so that general charge as to that count should have been given though evidence showed wantonness on part of employés.

A count against a carrier, alleging plaintiff's injuries were caused by reason of the fact that "the defendant then and there, through its agents, servants, or employés in charge of said train, wantonly and intentionally" caused the train to move and jerk, etc., resulting in injuries to plaintiff, charged wantonness as the direct act of the carrier, and the general charge requested by the carrier should have been as to that count, though there was sufficient evidence tending to show wantonness on part of employés while acting within the line and scope of their employment.

Appeal from Circuit Court, Pike County; W. L. Longshore, Judge.

Amanda Thomas sues the Atlantic Coast Line Railroad Company for damages for personal injuries. There was judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 2 of the complaint reads:

"(2) The plaintiff claims of the defendant the sum of $1,000 as damages for that on, to wit, the 2d day of July, 1921, the defendant was engaged in the business of a common carrier of passengers for hire, propelling cars by steam in Pike county, Ala.; that on, to wit, the 2d day of July, 1921, plaintiff was a passenger on one of the trains of the defendant, having paid her passage from Troy, Ala., to Shady Grove, Ala.; that when said train reached Shady Grove, Ala., it stopped and plaintiff started to get off of said train, and while plaintiff was in the act of getting off of said train, and while plaintiff was on the steps of said train, said train was violently jerked or pulled forward, thereby throwing plaintiff from the steps of said train to the ground, breaking her arm, bruising her about the head and eye, and causing other serious injuries to the plaintiff. The plaintiff's said injuries were caused by reason of the fact that while the plaintiff was on the steps of said train, and in the act of alighting from said train, the defendant then and there, through its agents, servants, or employés in charge of said train, wantonly or intentionally caused said train to move so suddenly forward that plaintiff was thrown violently from the steps of said train to the ground, and as a proximate cause thereof the arm of the plaintiff was broken, and she was cut and bruised about the head and eye, and otherwise seriously injured, to the great damage of the plaintiff in the sum aforesaid."

Arrington & Arrington, of Montgomery, for appellant.

Counts 4 and 5, alleging that "her [plaintiff's] arm was broken and she was otherwise seriously injured," were subject to demurrer. 139 Ala. 161, 34 South. 389; 158 Ala. 421, 48 South. 85. There was no evidence tending to prove the allegation of

---

count 2 that the defendant corporation participated in the damnifying act. This count was materially different from the other counts of the complaint, and the affirmative charge as to that count should have been given. 139 Ala. 161, 34 South. 389; 17 Ala. App. 146, 82 South. 636; 203 Ala. 328, 83 South. 52; 204 Ala. 539, 86 South. 394, 12 A. L. R. 251; 184 Ala. 567, 64 South. 46; 153 Ala. 189, 44 South. 1032; 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389; 142 Ala. 233, 37 South. 825.

T. L. Borom, of Troy, for appellee.

The verdict of the jury could be referred to other counts of the complaint than count 2. 151 Ala. 313, 44 South. 47; 171 Ala. 318, 54 South. 620.

SAMFORD, J. [1] The only error insisted on in brief as to the court's rulings on the pleadings is that the allegations describing plaintiff's injuries in counts 4 and 5 are not sufficient. The complaint alleges: "Her arm was broken and she was otherwise seriously injured." This was a sufficient allegation of injuries growing out of and connected with the broken arm, but would not authorize proof of other injuries not connected with the broken arm. The cases cited by appellant were not so definite.

[2] The second count charged wantonness as the direct act of the corporation, and, while there was perhaps sufficient evidence tending to show wantonness on the part of defendant's employés, while acting within the line and scope of their employment, such is not the charge as made by count 2 of the complaint. Under the following authorities the general charge as requested by defendant should have been given as to count 2: Newberry v. Atkinson, 184 Ala. 567, 64 South. 46; B. R. L. & P. Co. v. Hayes, 153 Ala. 189, 44 South. 1032; L. & N. R. R. v. Lacey, 17 Ala. App. 146, 82 South. 636; Ex parte L. & N. R. R., 203 Ala. 328, 83 South. 52.

For the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

On Rehearing.

Former opinion withdrawn. Opinion substituted. Judgment of affirmance set aside, and judgment reversed and remanded.