Pigford *v.* Howse.*

(En Banc. Feb. 27, 1928. Suggestion of Error Overruled March 26, 1928.)

[115 So. 774. No. 26856.]

1. DAMAGES. *Allegation that injuries caused plaintiff "to be permanently impaired in strength and health and earning capacity" permitted evidence of injury causing permanent impairment of vision (Hemingway's Code 1927, sections 573, 574).*

In action for personal injuries, allegations that injuries caused plaintiff "to be permanently impaired in his strength and health and earning capacity," were sufficient general allegations to permit evidence of injury causing permanent impairment of vision or of any injury of the eye which was direct and proximate result of alleged injury, and court did not err in permitting amendment to declaration by inserting words "including an injury to and permanent impairment of left eye" without entering order on minutes or granting continuance, in view of Hemingway's Code 1927, sections 573, 574, relating to variance.

2. DAMAGES.  *Plaintiff may show specific, direct effects of injury without specifically alleging them.*

General rule in torts is that party who commits wrongful act is liable for direct injury resulting, although such injury could not have been contemplated as probable result of accident, and plaintiff may show specific effects of injury without specifically alleging them.

3. DAMAGES.  *Where damaged truck was offered in evidence, with plaintiff's statement of value before injury, submitting question of damages to jury without basis for estimating damages held error.*

In action for personal injuries and for damages to Ford truck sustained in collision at street intersection, where truck was offered in evidence, to be viewed by jury, together with statement of plaintiff that truck before injury was worth two hundred and fifty dollars, submitting question of damages to truck without submitting basis by which jury could estimate how much damage had been done to car, or how much less car was worth after injury, *held* error.

*Corpus Juris-Cyc. References: Damages, 17CJ, p. 1007, n. 20; p. 1022, n. 33; p. 1071, n. 70.

APPEAL from circuit court of Lauderdale county.
HON. J. D. FATHEREE, Judge.

Action by R. S. Howse against Mrs. J. W. Pigford. From a judgment for plaintiff, defendant appeals. Affirmed, with *remittitur*.

*Jacobson & Cameron,* for appellant.

It was never the purpose nor intendment of either statute, section 573 or 574, Hemingway's Code 1927, to change the cause of action, nor to create a new action, for so to do would deprive the other party of his right to an investigation of the merits of the new statement of facts, and to deprive him of his legal right to defend action, yet the action of the court below in permitting this alleged amendment over appellant's objection effectively caused at that time the institution of a new and different cause of action against the appellant. This court is

bound to be impressed as was appellant that the claims of appellee were fully disclosed in his demands publicly filed and no criticism may be indulged against appellant in assuming that the appellee had made full revelation in his pleadings of his injuries. This amendment, requested subsequent to the introduction of the appellant by appellee as an adverse party, and subsequent to the introduction of other testimony for the appellee, completely changed and revolutionized this lawsuit; a complete change of front from mere trivial bruises and temporary wounds to a demand for permanent impairment and loss of vision.

Counsel for appellant, immediately after amendment, moved the court to enter a mistrial and grant a continuance on the ground that the amendment brought a new matter and different item of damage which the appellant had not prepared to defend; that the appellant was taken by surprise, and to allow the amendment and continuation of trial would result in an undue advantage to the plaintiff.

The statutes authorizing amendments as referred to previously take cognizance of the legal rights of one confronted and circumstanced as was the appellant, by providing: ''All such amendments to be made on such terms, as to costs and delay, as may be proper to *prevent surprise or undue advantage.*'' Sec. 573, Hemingway's Code, 1927.

By objecting to testimony when offered after alleged amendment to declaration we gave rise to our fourth assignment. This testimony was objected to for the reason that appellant did not consider the same admissible under the terms of the declaration as amended for reasons set forth in the next assignment, to-wit: there has never been a legal amendment as required by law. There was no legal amendment of the declaration; consequently, there was error in admitting testimony relative to the condition of appellee's eye. No order allowing amend-

ment was spread upon the minutes of the circuit court. See *Oliver* v. *Miles,* 114 Miss. 852, 110 So. 666; *Lackey* v. *St. L. & S. F. R. R.,* 102 Miss. 339, 59 So. 97.

The general allegations will not support evidence of injury to specific part of anatomy wholly unmentioned or referred to by plaintiff. *Atl. Coast Line R. R. Co.* v. *Watson* (Ala.), 110 So. 316; *Atl. Coast Line R. R. Co.* v. *Thomas* (Ala.), 95 So. 53; *Mobile L. & Ry. Co.* v. *Therrell* (Ala.), 88 So. 677.

The eighth assignment submits the error of trial judge in refusing to grant instruction number one: "You are charged by the court for the defendant in this case that the plaintiff is not entitled in this case to recover anything by or on account of the alleged value of the automobile in question." In the absence of testimony showing market value of car after accident or cost of repair of damage there was nothing to go to the jury on this question.

Appellant was entitled to a peremptory instruction. The overwhelming weight of convincing evidence was and is to the effect that the plaintiff drove his car at a high. rate of speed up the avenue and into Twentieth street from behind the twelve-foot embankment and caused same to be driven into the car occupied by the appellant. Against the appellant's testimony, and the physical facts here submitted, we have only the statement of appellee to the contrary and, if permitted, we make the observation that his statement, when reviewed in the gleam of established facts and circumstances, is unreasonable and fails to accord with human experience and reason. "We are loath to disturb the finding of a jury upon an issue of fact, but in this case the testimony of appellee, when considered in light of attendant circumstances, is not sufficient to sustain the verdict." *Royse* v. *Randall,* 83 Miss. 168. "Where the finding of fact by a jury is contrary to the overwhelming weight of convincing evidence, a new trial will be awarded, though such reversals are rare and

reluctant.'' *M. & O. R. R. Co.* v. *Bennett,* 127 Miss. 413;
*Thompson* v. *State,* 129 Miss. 333; *So. R. R. Co.* v. *Elder,*
118 Miss. 856; *Ford* v. *A. & V. R. R.,* 87 Miss. 211; *G. M.
& N.* v. *Turner,* 97 So. 721; *Davis* v. *Temple,* 91 So. 687.

*Reily & Parker,* for appellee.

Appellee asked permission to amend the declaration by
inserting by interlineation the phrase ''including an in-
jury and permanent impairment of the left eye.'' The
court ruled that this amendment could be made and such
interlineation was then made in the declaration, and the
appellant assigns this as error. This amendment related
to the same injury and a part of the results of the same
collision and could not under any circumstances be classed
as a departure or variance. 31 Cyc. 360; *Johnson* v. *Mc-
Kee,* 27 Mich. 471; *Williams* v. *Oregon Short Line Ry.
Co.,* 72 A. S. R. 777; *Shoninger Co.* v. *Mann,* 3 L. R. A.
(N. S.) 1097.

It is next argued that even though the court author-
ized the amendment, that under the authority of *Oliver*
v. *Miles,* 114 Miss. 852, 110 So. 666, and *Lackey et al.* v.
*St. L. & S. F. R. R. Co.,* 102 Miss. 339, 59 So. 97, inasmuch
as this motion to amend was not reduced to writing and
an order procured permitting the same placed upon the
minutes of the court that such amendment was not in fact
made and the declaration remains as if no offer to amend
had been made, and no interlineation had been inserted.
In the case at bar the trial proceeded after this amend-
ment in every respect as if the amendment had been prop-
erly shown of record and the relative rights of the par-
ties were fully litigated on this basis and it cannot be
seen what rights of the appellant would have been better
preserved, having this amendment appear on the minutes
of the court. 31 Cyc. 366. But if the failure to have
the amendment shown in the minutes of the court oper-
ates as a failure to obtain the amendment, then the dec-

laration in this case must stand as it was originally filed and the question as to the admissibility of the testimony offered will then be governed by the original allegations in the declaration. The general rule is laid down by 3 Sutherland on Damages (2 Ed.), 2661. See, also, *Croco* v. *Oregon Short Line Ry. Co.,* 44 L. R. A. 285; *Denver & Rio Grande Ry. Co.* v. *Harris,* 30 L. Ed. 1143; *Brooklyn Heights Co.* v. *McLaury,* 107 Fed. 644; *Montgomery* v. *Lansing City R. Co.,* 29 L. R. A. 287; *Currie* v. *Storage Co.,* 74 N. W. 377; *Maitland* v. *Gilbert Paper Co.,* 64 A. S. R. 137; *Morgan* v. *Kendall,* 9 L. R. A. 445.

In the Mississippi case of *A. & V. R. R. Co.* v. *Haynes,* 69 Miss. 160, 13 So. 246, the court, in discussing this question, cites a number of cases and places our court in line with the decisions above referred to from other states. The allegations of damages in the declaration in the Haynes case were as follows: "In consequence whereof, he was hurt, bruised and suffered great discomfort in body and mind and for a long time thereafter made sick and caused to suffer to his damage, five thousand dollars." Under the allegations in this declaration the plaintiff was permitted to prove that he contracted a severe cold, causing inflammation of the throat and injury to his vocal organs and seriously affecting his power of speech; also injuries to his eyes and face. *M. C. R. R. Co.* v. *Robinson,* 106 Miss. 896, 64 So. 838.

The three cases cited by appellant are from the state of Alabama, all of which hold that the allegations were not sufficiently general to permit proof of injury other than those mentioned in the declaration. In *Mobile Light & R. R. Co.* v. *Therrell,* 88 So. 677, the court held that by reason of the allegations in the declaration being specific, that a claim for a broken leg would not authorize the introduction of testimony of an injury to the bladder. While the courts of Alabama may not be as liberal as the courts of some of the other states and perhaps not in

line with the weight of authority, yet the rule in Alabama, when applied to the allegations found in the declaration of the case at bar, sustains the position of the appellee.

Complaint is made of the ruling of the court in not granting the appellant an instruction that the injury to the automobile could not be considered and it is argued that there is no evidence authorizing the jury to consider this feature. The jury inspected this truck. What the jury saw while inspecting this truck cannot be placed in the record; neither can it be taken out of the case. The appellant does not state that the injury was not manifest and apparent to the jury. The court was not in position to say to the jury that no damage had been done the truck, but the jury were left to fix the amount of such damage.

Argued orally by *Chas. B. Cameron,* for appellant, and *Marian B. Reily,* for appellee.

McGOWEN, J. Appellee, Howse, filed suit for damages for personal injuries against appellant, Mrs. J. W. Pigford. The injuries were charged to have been received from an automobile collision; the cars being driven by parties to the suit. The declaration also sues for damages to a Ford truck driven by appellee. In the circuit court there was a verdict and judgment in favor of appellee for four thousand dollars, from which judgment this appeal is prosecuted.

The collision between the two cars occurred at the intersection of Twentieth street and Twenty-Sixth avenue in Meridian, while appellee was driving north on Twenty-Sixth avenue and appellant was driving east on Twentieth street.

The main facts as to the collision were elicited from the parties to the suit, and the effect of the testimony was that each blamed the other for the collision.

There were physical facts strongly supporting the appellant, and physical facts supporting the appellee's statement.

The appellee's truck was overturned, pinning appellee thereunder, where he remained until friendly hands extricated him.

The injury sustained by appellee was that he was bruised and sore, and later on that day had to go to bed, where he was confined some days, and that, since that time, he has suffered with headache and pain, and a permanent impairment of vision in his left eye; that he had not been subject to headache, and there was no impairment of his vision prior to the injury.

Such facts as we deem necessary as to the damage to the Ford truck will be dealt with in our consideration of that subject.

The declaration charged that:

"This plaintiff was thereby bruised and mashed both internally and externally and severely jarred and jolted, and made sore and lame, and he was thereby caused to suffer great physical pain and mental anguish, and to lose time and wages from his work, and to be permanently impaired in his strength and health and earning capacity, and to lose the value of the said Ford truck, all of which pain and suffering, and loss of time, and the loss of the value of the said truck, and the impairment of health and strength and earning capacity, was due to, and caused by, the negligence of the defendant and was a proximate result thereof."

In the course of the trial, when the appellee offered to prove a permanent impairment of his vision, or circumstances tending to establish that fact, the appellant objected thereto on the ground that it was special damages not sued for in the declaration. Thereupon the appellee asked and obtained leave to amend his declaration by inserting therein the following words: "Including an injury to and a permanent impairment of the left eye." No order was entered on the minutes granting appellee the right to amend the declaration in this particular, and the defendant made application for a continuance

because of said amendment, pleading surprise. The court declined to delay or continue the cause, and over-ruled objections duly and timely interposed as to evidence relative to injury to, and permanent impairment of vision of, appellee. The evidence tended to sustain the allegations contained in the amendment to the declaration.

There are numerous assignments of error, but we shall group them in accordance with what we conceive to be the points made in brief of counsel:

(1) It is urged that appellant was entitled to a peremptory instruction. Having carefully read the evidence in the transcript, we think there was sufficient evidence on behalf of appellee to warrant the court in submitting the case to a jury, and we do not feel that we are called upon, in this case, to disturb the finding of the jury on the facts.

(2) It is contended that the action of the court on permitting the amendment to be made during the progress of the trial was error.

(3) That the refusal of the court to grant a continuance after permitting the amendment was error; and

(4) That the case should be reversed because there was no order entered on the minutes permitting the amendment to be made.

Considering these propositions together, in the light of sections 573, 574, Hemingway's 1927 Code, the appellant would be entitled to have this case reversed, unless the declaration sufficiently charged this item of damages independent of the amendment. The case would be reversed under the authority of *Oliver* v. *Miles*, 144 Miss. 852, 110 So. 666, 50 A. L. R. 357, wherein the court said: "An amendment to a declaration, after issue joined, can only be legally made by an order entered on the minutes of the court; the court can only speak through its minutes,"—unless the declaration, as originally filed, alleged facts sufficient to permit the evidence offered as to im-

pairment of vision of the appellee. If the evidence was incompetent under the allegations quoted, *supra,* from the declaration, then the case will have to be reversed. If it was permissible to offer proof as to injuries, and permanent impairment of vision, under the language of the declaration, then there was no reversible error. *Lackey* v. *Railroad Co., 102* Miss. 339, 59 So. 97.

We are of opinion that the allegations in the declaration that the injuries complained of caused the appellee "to be permanently impaired in his strength and health and earning capacity" were sufficient general allegations to permit the evidence of permanent impairment of vision, or of any injury to the eye which was the direct and proximate result of the alleged injury.

Counsel for appellant cites the following Alabama cases: *Atl. Coast Line R. R. Co.* v. *Watson,* 215 Ala. 254, 110 So. 316; *Atl. Coast Line R. R. Co.* v. *Thomas,* 19 Ala. App. 76, 95 So. 53; *Mobile, L. & Ry. Co.* v. *Therrell,* 205 Ala. 553, 88 So. 677, to support appellant's position that under the declaration the evidence offered as to impairment of vision was incompetent; but the language here used is broad enough to contemplate any impairment of health. This court has frequently held that it was not necessary for the declaration to set out the evidence, for the pleadings are designed to succinctly state the cause of action.

When it was alleged in this declaration that there was a "permanent impairment of strength and health," that language certainly included as well any injury to his eye as to any other part of the human anatomy. On this subject this rule is aptly stated in 3 Sutherland on Damages (2 Ed.), 2661, as follows:

"The general rule in tort is that the party who commits a trespass or other wrongful act is liable for all the direct injury resulting, although such injury could not have been contemplated as the probable result of the act done. The plaintiff may show specific, direct effects

of the injury without specifically alleging them; as that
he was thereby made subject to fits. If they were a part
of the result of the injury, the plaintiff may recover for
such damage, without specifically alleging it, as well as
the pain and disability which followed. The obviously
probable effects of the injury may be given in evidence,
though not laid in the declaration. Thus, where one of
the direct consequences of a wound was the loss of the
power to have offspring, evidence of that fact was ad-
missible, though the declaration did not specifically desig-
nate that consequence.''

In effect, our court adopted this rule in the case of
*A. & V. R. R. Co.* v. *Hanes,* 69 Miss. 60, 13 So. 246, in'
which case, under a general allegation of hurt and discom-
fort to the body and mind, the court permitted proof
that the injured party contracted a severe cold, causing
chorea, and inflammation of the throat, and injury to
his vocal organs, affecting his power of speech, holding
·that to be competent under the general allegation. As
sustaining us in our conclusion, we cite the authorities
cited in the Hanes case, and *Croco* v. *Oregon Short Line
R. R. Co.,* 18 Utah, 311, 54 P. 985, 44 L. R. A. 285, and
*Denver & R. G. R. R. Co.* v. *Harris,* 122 U. S. 597, 7
S. Ct. 1286, 30 L. Ed. 1146.

In fact, the weight of authority in this country sus-
tains the view that the allegation in this declaration was
sufficient to admit proof of injury to the eye resulting in
impairment of vision, as a result of the injuries received.
An injury to the eye is 'a serious impairment of health,
especially where the injury is alleged to be attended with
pain.

(5) It is contended that the court erred in submitting
the question of damages to the Ford truck on the evi-
dence offered and instructions to the jury, and we think
this contention correct. The Ford car was offered in
evidence to be viewed by the jury, together with a state-
ment of appellee that the car, before the injury, was

worth two hundred fifty dollars. As we view this record, giving full weight to the fact that the jury viewed the car, no basis was submitted to the jury by which they could estimate how much damage had been done to the car, or how much less the car was worth after the injury. The jury could view the car and use their common sense and general knowledge; but they could not say by their verdict how much injury the car viewed in the courtyard received as a direct and proximate result of the collision. It is fair to assume that the jury allowed two hundred fifty dollars as the value of the car before the injury; that being the only testimony in the case on the subject.

We therefore conclude that, by the amount of two hundred fifty dollars only, this verdict is excessive, and, unless the appellee shall enter a *remittitur* in this court in the sum of two hundred fifty dollars, this case will be reversed and remanded, but, if the *remittitur* shall be entered, then this case is affirmed.

*Affirmed, with remittitur.*