## GULF RESEARCH DEVELOPMENT CO. *v.* LINDER.

(Division A. Nov. 16, 1936.)

[170 So. 646. No. 32313.]

124

**Ford & Ford,** of Pascagoula, for appellant.

126

R. A. Wallace, of Gulfport, for appellee.

128

Argued orally by **E. J. Ford**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

The appellee, in an action at law, recovered substantial damages from the Gulf Research Development Company, appellant here. In brief, the declaration alleged that, while the appellee was traveling in an automobile driven by her husband on a public highway, the appellant's truck was driven into the rear of her automobile with a considerable impact, and that she was thereby injured. The language as to negligence and injury used in the declaration is material in the consideration of this case, and is as follows:

"The plaintiff alleges that, on the said last mentioned date, she was riding in a Hupmobile Sedan Automobile, the same being her property, in a southerly direction in and upon United States Highway No. 49, the same being a public highway, at a point thereon about six miles north of the City of Gulfport, in Harrison County, Mississippi, the same being then operated in a lawful manner and at a lawful rate of speed, and with due regard for the traffic then in and upon said highway, and with due regard for her own safety, when and where the said Barber, acting for and on behalf of the defendants, and each of them, within the scope of his employment, and in furtherance of the business of the defendants, and each of them, wilfully, wantonly, recklessly, carelessly, and negligently, while in a vicious and ugly frame of mind, drove and operated the said truck of the defendants into and against the automobile in which the plaintiff was riding; and as a direct and proximate result there (of), the said automo-

bile belonging to the plaintiff was damaged to the extent of $50.00, and the plaintiff's body was bruised, and caused to suffer great nervous shock, from which she was made seriously sick, and she is permanently injured.

"The plaintiff alleges that, as a direct and proximate result of the negligence of the defendants, and each of them, acting by and through the said Barber, the plaintiff has suffered and sustained damages, actual and punitive, in the sum of $3,000.00; that a cause of action has accrued unto the plaintiff against the defendants, and each of them, for the sum of $3,000.00, for which she sues and demands judgment with her costs."

It is conceded that the facts, on all the evidence, presented a conflict therein for the jury, as to negligence and the extent of the injury.

1. The first assignment of errors is as follows:

"1. The court erred in permitting appellee, plaintiff in the court below, to amend the declaration during the trial over appellant's objection, in this, to-wit, the only injuries complained of in the declaration before amended (record p. 4) was as follows:

" 'Plaintiff's body was bruised and caused to suffer great nervous shock from which she was made seriously sick and she is permanently injured.'

"After trial of the cause began the declaration was amended by permission of court so as to insert after the word 'bruised,' the following: 'Her neck and back were bruised.' Said amended matter having been inserted at the time by ink interlineation on the declaration as shown by the record herein, and there was no motion filed nor order entered nor made by the court nor put of record nor entered on the minutes authorizing said amendment to be made."

It will be observed that the amendment was permitted by the court, having been written already in the declaration with pen and ink, without a motion in writing, and without such amendment being allowed by the court, and

evidenced by an order to that effect entered on the minutes of the court. The amendment, therefore, was not effected, and the declaration stands as originally written. Gill v. Dantzler Lumber Co., 153 Miss. 559, 121 So. 153. The appellee, however, insists that the evidence offered by her, to the effect that her hip, back, shoulder, and spine were injured by the violent impact of the motor-truck against her car, was competent, under the allegation of the declaration, without the amendment. That allegation is: ''Plaintiff's body was bruised and caused to suffer great nervous shock from which she was made seriously sick and she is permanently injured.''

The appellant insists that this scant statement in regard to the injury did not apprise it of appellee's claim of injury to her back and spine, and that expert evidence offered concerning it came as a surprise.

Appellant did not request a bill of particulars, but pleaded to the declaration. In this respect the declaration was sufficient, we think, to permit the admission of the evidence objected to, under the authority of Pigford v. Howse, 149 Miss. 692, 115 So. 774; Alabama & V. R. Co. v. Hanes, 69 Miss. 160, 13 So. 246, and authorities there cited.

2. It is next assigned as error that the court below permitted ''the witness, Cahill, to testify about and exhibit to the jury, X-ray pictures, alleged to have been taken of plaintiff's spine, when it was not shown that said pictures were taken by a skilled person or proper machine.''

Over the above objection, in substance, of appellant, Dr. Cahill exhibited an X-ray picture of a spine in conjunction with a human skeleton, and he pointed out to the jury that the spine was not in normal position from the base of the neck to the lower extremity of the back, in great detail.

The operator who made the X-ray was not offered as a witness. The attempted exemplification of that picture

is found in the evidence of Dr. Cahill, an experienced chiropractor. He did not make the picture, but stated that Dr. Price did so at his request, and under his personal supervision, on June 27th, when he examined Mrs. Linder's spine; and that he knew them to be the pictures of her spine. Appellee contends that by this evidence the X-ray pictures were authenticated or exemplified. Appellant, contra, says this constitutes no authentication; that Dr. Cahill did not say he was skilled in the making of X-ray pictures, and did not so testify as to Dr. Price, nor was there any evidence as to a proper machine.

We agree with appellant that the X-rays were not authenticated in any manner known to the law, which may be accomplished in different ways. X-ray pictures, like photographs, maps, and diagrams, when material, are admitted in evidence on authentication which satisfies the court that the thing or person is fairly portrayed by the X-ray. There is no evidence here that these pictures were correctly made by a competent person with a proper machine. That evidence or its equivalent was necessary to render competent the X-ray pictures. The question is a preliminary one, addressed to the sound discretion of the court.

Photographs and X-rays of persons and places are admissible in evidence when relevant and not scandalous, under the same terms as maps and diagrams. In the case at bar there is no showing that the condition of the spine was worse after the injury caused by the collision; or that what the X-ray disclosed was of recent or long duration; and in our opinion the X-ray pictures were not authenticated. 22 C. J., p. 515, sec. 1117; also page 913; and as to maps, see 22 C. J., p. 910. The exhibition and demonstration of the X-ray pictures by Dr. Cahill should not have been permitted, for the reasons here stated.

3. It is next assigned as error that the court erred in granting instructions Nos. 1 and 2 on behalf of appellee, which read as follows: "The court instructs the jury for

the plaintiff that if you find from a preponderance of the evidence that the territory contiguous to public highway No. 49 at the place where the collision occurred is closely built up by habitations where people dwell, then, the defendant was not authorized by law to operate its automobile truck at a greater rate of speed than twenty miles per hour, at that place on the said highway.''

''No. 2. The court instructs the jury for the plaintiff that if you find from the evidence that the territory contiguous to public highway No. 49 at the place where the collision occurred was not closely built up by habitations where people dwell, still, the law required the defendant to operate its automobile truck upon the said highway at that point thereon at no greater rate of speed than was reasonable and proper, having due regard to the traffic and use of the said highway at that place at that time, and, in no event was the defendant allowed by law to operate its truck upon the said highway at a greater rate of speed than thirty miles per hour.''

These instructions invoked for the benefit of appellee the aid of section 5569, Code of 1930, in one particular, and tended to augment appellee's damages in comparing her negligence, if any, with that of appellant, if any.

Referring now to the declaration, and considering it in connection with section 521, Code of 1930, it will be perceived that the declaration is barely sufficient to state a case of common-law liability for negligence, and does not in the slightest degree invoke the above statute as to liability for violation of the law in regard to excessive speed, and the prima facie rule of evidence as found in section 5588.

In this state the rule has ever been, as early announced by this court, that, ''in an action founded upon a statute, the plaintiff must state in his declaration, every fact necessary to inform the court that his case is within the statute.'' Scott v. Peebles, 2 Smedes & M. 546. In the case at bar there is not a mere omission, but an entire

want of allegation that the negligence charged is based upon the statute. The instructions were clearly erroneous.

For the errors herein pointed out, the case is reversed and remanded.