JOHNSON *et al. v.* COLUMBUS & G. RY. CO.

(In Banc. April 13, 1942.)

[7 So. (2d) 517. No. 34821.]

628

Cooper & Thomas, of Indianola, for appellants.

Moody & Davis, of Indianola, for appellee.

630

Argued orally by **Forrest G. Cooper**, for appellant, and by **Jefferson Davis**, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This case was submitted to the jury and the verdict was in favor of the defendant railway company.

The proof discloses that a farm tractor, and what is referred to as a "combine" attached thereto, all of which was thirty-four feet in length, was struck by a passenger train while being driven by a tenant of the plaintiffs at

a plantation crossing, and the tractor virtually demolished. The train first came into view from a curve at a distance of 317 feet from the crossing, and the tractor was seen by the fireman from that point, when he immediately called it to the attention of the engineer. No alarm was given, and although the defendant was under no statutory duty to blow the whistle or ring the bell when approaching such a crossing, nevertheless, on the question of whether the engineer and fireman were negligent in failing to do everything reasonably possible to avoid the accident after coming within plain view of the perilous situation occasioned by the attempt of the tractor driver to get the outfit across the track, there was an issue for the jury whether or not, in the exercise of reasonable care to avoid hitting the tractor, a warning should have been given when they saw that the driver was apparently unconscious of the approach of the train.

It was shown without conflict in the evidence, that when the driver of the tractor stopped on the right-of-way some 12 or 15 feet distant from the track, to change gear before going thereon, he could not then see the approaching train—in fact, the testimony on behalf of the plaintiffs showed, without dispute, that the train first came in sight as he proceeded forward after having stopped as aforesaid on the right of way, which was 30 feet wide on his side, and looked in the direction from which the train was coming; and the engineer testified that he was within 150 feet of the crossing before he saw the tractor about to enter onto the track. But the fireman testified that it was within 3 or 4 feet of the rails when the train came out of the curve 317 feet away, as aforesaid. Under this state of the proof the court below granted an instruction in favor of the railroad company in the following language: "The Court instructs the jury for the defendant that on the question of defendant's negligence, if any, in this case, there is but one issue and one alone and that is whether or not the engineer in charge of the defendant's train while in the exercise of

reasonable care in the operation of the train did all he could do to stop the train when it became reasonably apparent to him that the plaintiff's property, that is, their tractor and combine, was in a position of peril; and further, if you believe from the preponderance of the evidence in this case that the engineer in charge of the train did all within his power to stop the train when it became reasonably apparent to him that the driver of the tractor was going to drive on to the track in front of the train, then it is your sworn duty to return a verdict for the defendant, and this is true regardless of the speed of the train or whether or not the train's whistle was blown or its bell rung.''

This instruction was equivalent to a peremptory, even when considered in the light of those given the plaintiffs, since it was shown, without dispute, that the engineer and fireman did all that they could to bring the train to a stop as speedily as possible after they came within 150 feet of the crossing. It wholly ignored any duty that these employees of the defendant may have owed to promptly blow the whistle or ring the bell when the train came into plain view of the tractor and was 317 feet from the crossing, if the jury should have believed from a preponderance of the evidence that they had time to do so in the exercise of reasonable care, and that such a warning, or one blast of the whistle, would have avoided the accident notwithstanding any negligence on the part of the driver of the tractor.

It is true that certain instructions in favor of the plaintiffs informed the jury as to the duty of the defendant to sound an alarm if required in the exercise of reasonable care to avoid the collision after the peril of the tractor driver was discovered, but the instruction above quoted was in direct conflict therewith when it stated to the jury that there was ''but one issue and one alone and that is whether or not the engineer in charge of the defendant's train did all he could to stop the train . . .'' We do not mean to hold that it was the duty

of the defendant to blow the whistle or ring the bell on the occasion complained of. We merely say that the issue in regard thereto should have been submitted to the jury under the facts and circumstances testified to. The foregoing instruction eliminated such an issue, and it cannot be reconciled with the other instructions; and it likewise eliminates the issue raised by the plaintiff's proof, under Section 6129, Code of 1930, as to whether the defendant was maintaining a suitable crossing for a necessary plantation road at the place in question. The instruction granted the plaintiffs on that issue was also nullified when the jury was told that there "was one issue and one alone"—the duty to try to stop the train.

Reversed and remanded.