## HOWELL v. GEORGE.

(Division B. May 19, 1947. Suggestion of Error Overruled June 9, 1947.)

[30 So. (2d) 603. No. 36473.]

784

Thomas J. Tubb, of West Point, for appellant.

Thomas F. Paine, of Aberdeen, for appellee.

Argued orally by **Thomas F. Paine**, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellee obtained a judgment for damages against appellant in the Circuit Court of Monroe County for injuries alleged to have been sustained by him, his wife, his two minor children, and his car, resulting from a collision between appellee's car, in which he and his family were at the time, and a bus belonging to appellant and being operated in his business by his employee.

From the judgment, appellant brought the case here on appeal, and assigns a number of errors, but of these, we have decided that only three should be discussed.

Complaint is made that the trial court erred in admitting into evidence an ordinance of the City of Aberdeen, in which city the accident occurred, for the reason that it was not pleaded in the declaration. In dealing specifically with negligence cases, the authorities are divided on this question. 38 Am. Jur., Sec. 330, p. 1028. It is not necessary, however, for us to adopt any view of such issue here because of the identical provisions as to the applicable speed limit in the ordinance and the statute, and the allegation of the declaration that appellant was "running at a reckless speed in disregard of the rights of the other travelers on the street and in violation of the law."

The ordinance makes it unlawful to drive a motor vehicle over twenty miles an hour in the corporate limits of the city. Section 8176, Code 1942, provides that: ''Where no special hazard exists the following speeds shall be lawful but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful: 1. Twenty miles per hour in any business district; . . .'' There was substantial evidence here which the jury had a right to believe, and manifestly did believe, since they returned a verdict for appellee that the speed of the bus was in excess of twenty miles per hour at the time of the collision, and that it occurred in the business district of Aberdeen. Such error, if error it be, was a harmless one, and not cause for reversal.

The granting of an instruction to appellee on the measure of damages is attacked on several grounds—among them, that it conflicts with a certain instruction granted appellant. With this contention, we cannot agree. The two instructions supplement each other, in our judgment. Nevertheless, the challenged instruction, standing alone, is somewhat subject to criticism, but its deficiencies are sufficiently supplied by the instructions granted appellant. See Ellis v. Ellis, 160 Miss. 345, 134 So. 150; Hitt v. Terry, 92 Miss. 671, 46 So. 829; Alabama & Vicksburg Ry. Co. v. Groome, 97 Miss. 201, 52 So. 703. Therefore, this assignment of error must be overruled.

This brings us to a more serious issue on the appeal, and that is, whether or not the court below erred in admitting, over defendant's objection, the X-ray pictures of appellee's back, and the testimony of Dr. Jackson, explaining and identifying them. In Gulf Research Development Co. v. Linder, 177 Miss. 123, 170 So. 646, 648, we said: ''X-ray pictures, like photographs, maps, and diagrams, when material, are admitted in evidence on authentication which satisfies the court that the thing or person is fairly portrayed by the X-ray.'' We also held further, that there must be evidence, or its equivalent, that the picture was correctly made by a competent person with a proper

machine, and that the question is a preliminary one to be addressed to the sound discretion of the court. In that case, it is to be noted that it was not shown where the picture was made, or whether the person making it was skilled therein, or whether made on a proper machine, nor was anything shown in the evidence equivalent thereto.

However, in the case before us, it was shown that the X-ray pictures were made in the Aberdeen Hospital by an expert X-ray operator, who did all of such work at that institution. It was done in the presence of Dr. Jackson, the patient's attending physician. He himself was shown to be competent to operate X-ray picture-taking machines, and to read such pictures when made. It was further proven that this particular picture had remained in the hospital until brought into court for introduction as evidence in this case; that it had so remained there without alteration or change; and that it was the same X-ray picture of the particular injury here involved and of the identical patient, whose case was there and is here under consideration. All of the above facts are attested by the testimony of the attending physician, Dr. Jackson.

But appellant complains that the operator, who took the picture, was not introduced; nor was the hospital employee who was the custodian of it; and there was no evidence that the X-ray picture was made on a proper machine. Dr. Jackson testified that it had been properly made.

Notwithstanding the challenge to testimony as to the X-ray pictures, we must overrule this assignment of error because of the proof thereby made, and because courts take judicial notice that X-ray photographs are being constantly made in every modern hospital. 31 C. J. S., Evidence, Sec. 29, Note 95 (2), p. 549. On the same principle, judicial notice may be taken of the fact that such hospitals carefully preserve these photographs until called for by the party or physician. This information is so widely prevalent among average people of intelligence as now to have become a fact of common knowledge.

And, in our opinion, when such a photograph has been taken by the regular operator at such a hospital, this is sufficient, prima facie, to establish that the operator possessed the required skill and that the machine employed was proper for the work. Compare Phillips v. Wilmington & Philadelphia Traction Co., 1 W. W. Harr., Del., 593, 117 A. 241, and the cases therein cited. Appellant offered no evidence in refutation of any of the foregoing. We cannot say that the trial judge abused his discretion, when he overruled appellant's objections to this evidence, and must, therefore, overrule this assignment of error also.

We have carefully considered all of the matters assigned as errors, and find ourselves unable to sustain such assignments, and the judgment of the trial court is affirmed.

Affirmed.