ORR *v.* COLUMBUS & GREENVILLE RY. CO.

Division B.   Nov. 20, 1950.

No. 37637  (48 So. (2d) 630)

Rupert Ringold, John E. Aldridge, and J. E. Franklin, for appellant.

**Fred B. Smith,** for appellee.

**Alexander, J.**

Appellant was injured when the truck which he was driving was struck, at a crossing, by a train of the appellee. Appeal is taken from a verdict and judgment for the railway company. Several errors are assigned but only two are presented by argument and brief of counsel. These are: (1) the admission over objection of certain photographs depicting the scene of the collision; and (2) the granting of several instructions for the defendant.

Objection to the photographs is based chiefly upon the fact that they were taken several months after the collision. Although there was testimony that the scene thus portrayed was for all practical purposes the

same as existed at the time, we need not stand upon such testimony since the general layout of the road at its intersection with the defendant's tracks was unchanged. This was all that was depicted. The elements of damage alleged in the declaration included a failure of the defendant, upon approaching the crossing to sound its whistle, ring its bell and maintain its headlight. Excessive speed was also alleged. None of these elements of negligence could have been depicted by the photographs. Another contributing factor was the existence of a hole or depression between the rails and at the intersection with the gravel road which allegedly caused the plaintiff to stall the motor of his truck, preventing escape from the approaching train. The photographs do not disclose this area, and indeed this is one reason assigned by appellant for their exclusion. Some witnesses testified that the photographs did not show the condition of the crossing between the tracks. So that the existence of such depression was neither established nor contradicted thereby. A former tendency to place photographs in a category apart from other pictorial aids, thereby requiring expert proof as to the method of taking, their fidelity of reproduction, and the qualification of the man and machine producing them, has been relaxed under the pressure of practical considerations and common sense and their competency and relevancy is tested by their facility as visual aids in reproducing with reasonable accuracy a given scene or object at a given time. Hancock v. State, Miss., 47 So. (2d) 833. Compare Howell v. George, 201 Miss. 783, 30 So. (2d) 603. Records before us abound in freehand drawings by the inartistic hands of witnesses and crude maps and sketches which attain relevancy if they are competent to depict the relative location of places or objects and where detail and exact measurement by scale is not required. We find no error in the admission of the photographs.

Fourteen instructions granted to the defendant are exposed to attack. These objections fall into two classes, in one of which error is predicated of a failure of defendant to incorporate all the alleged elements of negligence, thereby allegedly authorizing acquittal if such isolated factor did not proximately cause or contribute to the injury; in the other, error is predicated of a direction to find for the defendant, despite its failure to exercise any or all of the warning procedures, provided none of such omissions were found to be a contributing cause of the injury.

There were fifteen instructions granted to the plaintiff and twenty-eight to the defendant. Typical instructions of each of the classes indicated are the following:

"The court instructs the jury for the defendant, that if you believe from the evidence in this case that the accident happened before sundown or that the headlight of the engine was burning, and that the Railway Company's employees on its engine were keeping a lookout for said crossing and gave a lawful signal, either by ringing the bell or blowing the whistle of its engine for the distance required by the statute [Code 1942, Section 7777], on approaching the crossing mentioned in the evidence, then you cannot find a verdict against the Railway Company predicated solely on the speed at which the train was going when it reached the crossing."

██ ██ Had this been the sole instruction requested by the defendant, and had its incompleteness not been supplied by those for the plaintiff, plausible support would be given to the contention of appellant. Compare Johnson v. Columbus & G. R. Co., 192 Miss. 627, 7 So. (2d) 517. Yet similar instructions were procured in which the other factors of negligence were so dealt with. In each of them it is stated that liability may not be based on the particular omission if it was not a proximately contributing cause of injury. The instructions not only of the defendant but those of the plaintiff are to be read and considered as a whole. This device was

utilized also by the plaintiff whose instructions predicated liability upon each such omission separately submitted. It is a contradiction in terms to speak of singling out for emphasis an isolated factor when each such factor is separately exposed to the spotlight in turn. Equal emphasis is self-contradictory.

We call attention to instructions which authorized judgment upon a general finding of negligence, and, on the other hand, authorized acquittal if the defendant was guilty of no negligence.

In the second group of instructions assailed, the following is typical: ''The court instructs the jury for the defendant that even though you might believe from the evidence that as the Railway Company's train approached and went upon the crossing, it was after the hour of sunset, and that the whistle was not blown, or the bell not rung, or that the train was moving at a high rate of speed; still, the plaintiff, Charlie Orr, was not hereby relieved from the duty placed upon him by law to look and listen for an approaching train and to be watchful and alert until he reached the track, and to use reasonable precaution for his own safety before going upon the track; and if you believe from the evidence that he did not stop, look, or listen for an approaching train or that he was not watchful and alert as he approached the crossing, or that he did not use reasonable precaution for the safety of himself, then he was charged with negligent driving; and if you believe from the evidence that he was negligent in any of the particulars mentioned, as he approached and went upon the crossing, and that such negligence on his part, if there was any, was the sole negligence that proximately caused the collision with the train, then it is your sworn duty, as jurors, to find your verdict for the defendant.''

This type of instruction is not improper. It brings into necessary view the element of proximate cause and disabuses the mind of the jury of any concept that negligence and liability are inseparable. See Campbell v.

Willard, 205 Miss. 783, 793, 39 So. (2d) 483, 484. It cannot with reason be said that a jury would be misled by an instruction which absolves a defendant from liability where the sole proximate cause of an injury to a plaintiff is his own negligence. This usage runs throughout defendant's instructions and is echoed by those of the plaintiff which required a verdict for him upon a finding that any of the specified acts of negligence was a proximate, contributing cause of his injury.

Instructions were granted to the plaintiff invoking the last clear chance doctrine, which in the light of Alabama Great Southern R. Co. v. Martin, 205 Miss. 851, 39 So. (2d) 501, must be adjudged liberal. The defendant procured an instruction invoking comparative negligence.

The initial inquiry in every negligence case is not whether the plaintiff was negligent, but whether the defendant was. If the defendant is held not to have been negligent, the first bridge to be crossed collapses and the case ends. Upon a contrary finding it is elemental that such negligence must have proximately caused or contributed to plaintiff's injury. If such causation is not found, the case collapses at this stage. If the injury is found to have been caused solely by the negligence of the plaintiff, this is of necessity an adjudication that the conduct of the defendant, even though negligent, contributed not at all to the injury.

We are of the opinion that the body of instructions properly submitted these issues and tests of liability, and that the record discloses no reversible error.

Affirmed.