ELLISON *v.* LANDRY *et al.*

(In Banc. Jan. 14, 1946. Suggestion of Error Overruled Feb. 25, 1946.)

[24 So. (2d) 319. No. 35990.]

**T. J. Wills,** of Hattiesburg, for appellant.

**Edward J. Currie,** of Hattiesburg, for appellees.

Argued orally by **T. J. Wills,** for appellant, and by **Edward J. Currie,** for appellees.

162

**Smith, C. J.,** delivered the opinion of the court.

This is an action of unlawful entry and detainer begun in a county court, wherein a judgment was rendered for the plaintiff, which was affirmed by the circuit court on an appeal thereto.

The appellees are the owners of a building which, according to their evidence, they had rented to the appellant, but have terminated his right to continue the occupancy thereof by a proper notice to vacate the premises.

The judgment of the county court awarded possession of the premises to the appellees, and also double rent therefor for the time for which the appellant was in arrears for rent. The appellant's complaints are: (1) that the evidence discloses that he was not the appellees' tenant, and was not in possession of the premises; and (2) that double rent cannot be recovered in an action of unlawful entry and detainer.

The first of these contentions is so thoroughly negatived by the evidence as to require no special response thereto. So we come at once to the second.

Sec. 947, Code 1942, provides that a tenant unlawfully holding over, after notice to deliver up the leased premises, "shall . . . thence forward pay to the landlord double the rent which he should otherwise have paid;" and Secs. 1043 and 1054 provide for the recovery in an action of unlawful entry and detainer of "any amount due arrears of rent." And under Sec. 947, rent due by a tenant unlawfully holding over after notice to vacate the premises is double that which he had agreed to pay. Consequently, recovery thereto can be here had.

Counsel for the appellant seem to argue that double rent can be recovered only in the summary action provided in Sec. 948 of the Code of 1942. But Sec. 947, which awards double rent, expressly provides that it may "be levied, sued for, and recovered as the single rent before the giving of notice could be," and of course the recovery

of single rent is not restricted to any particular form of action. The recovery thereof in Weatherall v. Brown, 113 Miss. 887, 74 So. 765, was by an attachment for rent. Affirmed.