STEWART v. MILLER.

(In Banc. June 10, 1946. Suggestion of Error Overruled July 25, 1946.)

[26 So. (2d) 540. No. 36134.]

T. J. Wills, of Hattiesburg, for appellant.

Dudley W. Conner, of Hattiesburg, for appellee.

Argued orally by **T. J. Wills**, for appellant, and by **Dudley W. Conner**, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

This is an action of unlawful entry and detainer begun by the appellee in the county court. The appellee obtained a judgment in that court, awarding him, among other things, double rent for the premises "to be computed from and after May 31, 1945, until possession of said premises is surrendered by said defendants to the plaintiff." The circuit court, on the appeal thereto, affirmed the judgment of the county court, after striking therefrom the above-quoted language and substituting therefor a judgment for the appellee for double rent "in the sum of $250," from which judgment the tenant appeals.

The record does not contain an assignment of error in the court below, and the appellant's only complaint here is that the court below, instead of modifying the county court's judgment so as to make it conform to the judgment which that court should have rendered, should have rendered the judgment and remanded the case to its own docket for a new trial. Assuming that the double rent judgment rendered by the court below is for the

correct amount, and no challenge thereof appears in the appellant's brief, the procedure followed by the court below conforms to its governing statute, Section 1616, Code of 1942, which provides that on an appeal from the county court to the circuit court: "If prejudicial error be found the court shall reverse and shall enter judgment or decree in the manner and against like parties and with like penalties as is provided in reversals in the supreme court; provided that if a new trial is granted the cause shall be remanded to the docket of such circuit or chancery court and a new trial be had therein de novo." Section 1962 of the Code, which governs appeals to the Supreme Court, provides that: ". . . in case the judgment, sentence, or decree of the court below be reversed, the Supreme Court shall render such judgment, sentence, or decree as the court below should have rendered, unless it be necessary, in consequence of its decision, that some matter of fact be ascertained, or damages be assessed by a jury, or where the matter to be determined is uncertain; in either of which cases the suit, action or prosecution shall be remanded for a final decision; . . ." The appellant's complaint here presents no question of fact for decision. The appellee was entitled in the county court to a judgment for double rent for only that which had accrued prior to the rendition of the judgment. Any such that might accrue thereafter would have to be collected in another action. The court below therefore committed no error in the modification made by it in the county court's judgment.

Affirmed.