**OBOLD et al. v. OBOLD et al.**

No. 9403.

United States Court of Appeals
District of Columbia.

Argued April 9, 1947.

Decided July 14, 1947.

Mr. Ralph A. Cusick, of Washington, D. C., for appellants.

Mr. Thomas Hansford Patterson, of Washington, D. C., with whom Mr. William Clark Taylor, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON, and PRETTYMAN, Associate Justices.

PER CURIAM.

William X. Obold, a resident of the District of Columbia, died in the District in June, 1945, leaving an estate of approximately $20,000. At his death he was a widower with three grown sons, and by his last will, dated October, 1941, he gave substantially his entire estate to the Roman Catholic Archbishop of the Diocese of Baltimore, to be used to build a Catholic church in a part of Maryland in which he had formerly lived. Appellants, who are his three sons, contested the will on the principal grounds that their father was at the time of its execution mentally incompetent to make a will, and that the will offered for probate was not executed and attested as required by law. The jury found against the caveators in both respects, and the District Court by final order admitted the will to probate, and the case is now here on appeal.

We have been at great pains to examine the testimony offered on the trial, and we find, as is usually the case, that there is considerable evidence pro and con the question of mental capacity. But as to this it is enough to say that all the evidence was fairly submitted to the jury under proper instructions of the court and,

in the circumstances, it is not permissible that we substitute our opinion for theirs. That leaves, then, only certain technical grounds of error in the admission and rejection of evidence and in the granting and refusing of certain prayers. Appellants group these grounds of error under the following heads:

"I. The court erred in admitting in evidence the opinion testimony of witnesses, Lillian N. Curtis, Mamie Hadway, Elizabeth Reid Sockman, Annie Kinslow, and Dolores Murray, as to the mental condition of decedent."

The first three above named were registered nurses who attended testator during his last illness. They were first asked as to testator's physical condition when he came to the hospital. Later in their examination they were asked to express their opinion of his mental condition at that time. But whatever merit, if any, there might have been to an objection to the testimony of these witnesses on the ground that it was too remote, or for any other reason, the record clearly shows that no objection was made and, in the circumstances, the objection now made is too late. What has just been said is true also of the objection in the case of Annie Kinslow. And in addition there may be properly noted the fact that as a general rule the admissibility of the evidence of lay witnesses to the mental capacity of a testator is a matter in the sound discretion of the trial court. Turner v. American Security & Trust Co., 1909, 213 U.S. 257, 29 S.Ct. 420, 53 L.Ed. 788. Nor do we see any merit in the objection to the admission of testimony of Dolores Murray, one of the subscribing witnesses to the will. As a general rule a witness to the will may testify as to his or her impression of the mental capacity of the testator. See, 2 Page on Wills, § 778 (1941).

"IV. The Court erred in refusing to grant caveators' prayers 7 and amended 9.

"V. The Court erred in granting caveatees' prayers Nos. 3½, 4, 5 and 9."

The denied prayer 7 would merely have told the jury that they should take into consideration the professional standing and experience of an expert witness. The court, however, gave amended prayer 7, which told the jury that an expert in a particular field may give an opinion in evidence, but that the jury is not bound by the expert's opinion, and that it should be considered in connection with the other evidence in the case. This, we think, is a correct statement of the law.

Prayer No. 9, which was denied, would have told the jury that the testimony of an expert witness may be accepted to the exclusion of other testimony concerning the mental condition of a testator. Perhaps it may be, but we think the better form is that adopted by the trial court. In this connection it was said in Storley v. Armour & Co., 8 Cir., 1939, 107 F.2d 499, 506:

" 'Expert opinions are controlling only in so far as found to be reasonable, and their weight is for the trier of the facts to determine. No rule of law compels him to give a controlling influence to opinions of experts or to surrender his own judgment.' "

The four prayers given at the instance of the caveatees had relation to the presumption of sanity on the part of the testator under circumstances stated in the several instructions, which are in the usual form and, so far as we can observe, were entirely appropriate.

On the whole case, after careful examination of the record, we are convinced that the jury correctly found that the testator was of sound mind and memory and that his will, as executed by him, represented clearly and distinctly his wishes with relation to the disposition of his estate.

Affirmed.