BURR et al. *v.* JOHNSON.

In Banc. Dec. 13, 1948.

(37 So. (2d) 747)

**T. N. Gore**, for appellants.

**E. C. Black,** for appellee.

**Alexander, J.**

This is an unlawful entry and detainer proceeding instituted by appellee against appellant, who is treated throughout the record as her tenant. The cause was appealed from the court of a justice of the peace, and heard by the circuit judge who awarded judgment for the landlord, together with double rent during the stated period. Such damages were computed upon a base

rental of $40 per month. Judgment ran against the sureties upon the appeal bond to the extent of such undertaking. Burr, only, appeals.

Although it is disclosed that after the jdgment in the circuit court, the tenant quit the premises and the issue of possession is now moot, yet we must retain the trial judge's finding thereon in favor of the landlord as a basis for further consideration of the matter of damages.

■■ Double rent, as allowed by Code 1942, Sec. 947, which provides for damages against a tenant holding over in "double the rent which he should otherwise have paid."; and of Sec. 1054 which provides that the judge shall find "upon the evidence the arrears of rent or reasonable compensation," ■■ are applicable to suits in unlawful entry and detainer actions. Ellison v. Landry, 199 Miss. 161, 24 So. (2d) 319; Stewart v. Miller, 200 Miss. 188, 26 So. (2d) 540.

The only testimony on the issue was that given by appellee's husband, who acted as farm manager. It was as follows:

"Q. Captain, what is the reasonable rental value of that house up there, that he is living in? A. Well, we paid around forty dollars a month for a house.

"Q. What size house is it, how many rooms? A. Three bedrooms, living room, dining room, kitchen, hall, and bath, front and back porch.

"Q. And he has been keeping it since Mr. Nelson went over there, on the 21st of April? A. Yes, sir."

Upon being recalled upon cross-examination, the witness gave the following replies to questions propounded: "Captain, you testified about the rental value of this house up there. Are there any plantation houses rented around there, situated like this one is? A. No, sir.

"Q. The only use that you have for that house is in connection with the operation of your place? A. How is that?

"Q. The only use you have for that house—country property—you use it simply in connection with the operation of your place? A. That is right.

"Q. How much have you been out, by reason of Mr. Burr's being in your house? A. I don't know I haven't been in it.

"Q. How much money have you had to pay out, on account of his occupancy of the house, during this time? A. I could not say that; I haven't been in it.

"Q. Well, you know whether you have expended any money? A. I haven't spent anything at all.

"Q. As far as Mr. Burr's staying in the house, it has not cost you any money? A. Not out of my pocket.

"Q. Has it cost you anything out of anybody's pocket? A. Not yet.

"Q. Do have any definite account? A. No, sir."

█ █ Such testimony was too vague to serve as a basis for imposition of damages at the rate of $80 per month, especially in view of the penal nature of such award.

The cause will be reversed and remanded for an award of either nominal damages or such as may be supported by proper and adequate testimony.

Reversed and remanded.

On Suggestion of Error

In Banc. Jan. 24, 1949.

(38 So. (2d) 314)

## Montgomery, J.

This cause was reversed and remanded by this Court on December 13, 1948. Appellee has filed a suggestion of

error which we have carefully examined and considered. Finding no error in our opinion regarding the matters raised in this suggestion of error it is overruled.

The appellant also filed a suggestion of error, among other things, alleging that we erred in holding, by inference, that the appellant, Burr, may be held liable on another trial for the payment of double rent. We do not construe the opinion as necessarily so holding. We merely held that the testimony was too vague to serve as a basis for imposition of damages at the rate of $80.00 per month, especially in view of the penal nature of such award and we reversed and remanded the case for an award of such damages as may be supported by proper and adequate testimony. We construe the opinion as submitting to the lower court the award of proper damages on another hearing and the determination, upon the facts then presented, of the question whether this is a proper case for awarding double rent as damages. Appellant's suggestion of error will be overruled.

Suggestions of error overruled.