## HOLLYWOOD CREDIT CLOTHING CO., Inc., a corporation, Appellant,

v.

### Jesse BROOKS, Appellee.

### No. 1833.

Municipal Court of Appeals for the District of Columbia.

Argued July 23, 1956.

Decided Aug. 9, 1956.

Alvin Newmyer, Jr., and Jack Politz, Washington, D. C., for appellant.

Ben Lindas, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Hollywood sued Brooks for a balance due for merchandise allegedly purchased on December 24, 1954. The case was tried before a judge, who at the conclusion of all the evidence, made a finding for Brooks and entered judgment accordingly. Hollywood appeals.

At the trial the evidence for Hollywood consisted of a sales contract and record card purporting to show that on the date in question Brooks purchased the merchandise and that no part of the purchase price had been paid; the sales contract contained a clause whereby the purchaser agreed to pay for the merchandise; a space was provided for his signature; Hollywood contends that the name "Jesse Brooks" appearing at the bottom of the contract was genuine.

Brooks testified, after examining the signature, that it was not his and that he had not purchased the merchandise described in the contract; he admitted he had purchased merchandise from Hollywood on prior occasions and had signed contracts for the same, but that he had not made any pur-

4. See also Weimann v. Sheppard, D.C.Mun.App., 37 A.2d 847.

chases since 1945; he also admitted that the information contained in the contract in question as to employment, residence, etc., was correct and he denied that his wife had made any purchases in 1954.

At this point in the proceedings, at the request of counsel for Hollywood, Brooks signed his name three times on a piece of blank paper, which paper was admitted in evidence. Hollywood's counsel then obtained a continuance for the purpose of securing an expert comparison of these signatures with the signature on the instant contract.

Upon resumption of trial a witness for Hollywood produced earlier contracts, containing admitted signatures of Brooks; these contracts were received in evidence and a handwriting expert testified that he had examined the signature on the disputed contract, the admitted signatures on the prior contracts and the sample signatures contributed during the trial, and that they were all, in his opinion, the signatures of Brooks.

The court in its findings stated that in its opinion the signature on the contract for the 1954 transaction varied from and was not identical with the other signatures and that Brooks "was telling the truth with respect to this alleged transaction."

The Court, as the trier of the facts, could give such weight to the expert's testimony as it determined it was entitled to. The United States Court of Appeals for this circuit, in discussing an analogous situation,[1] quoted with approval the following statement from the Eighth Circuit [United States v. Washington Dehydrated Food Co., 89 F.2d 606]:

" 'Expert opinions are controlling only in so far as found to be reasonable *and their weight is for the trier of the facts to determine. No rule of law compels him to give a controlling influence to opinions of experts or to surrender his own judgment.' "[2] (Italics supplied.)

No direct proof of the sale was offered by Hollywood; on the other hand, Brooks denied the transaction as well as the controverted signature. We think the evidence was such that the court might have drawn two different conclusions from it and accordingly we are not at liberty to reweigh the evidence or override its findings except where it clearly appears they are manifestly wrong.[3]

Affirmed.

1. Obold v. Obold, 82 U.S.App.D.C. 268, 163 F.2d 32.

2. Storley v. Armour & Co., 8 Cir., 107 F. 2d 499, 506. See also Rogers, The Law of Expert Testimony, § 103 (3d ed. 1941).

3. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9; Capital View Realty Company v. Cohen, D.C.Mun.App., 124 A.2d 853.