FLORA *v.* FEWELL et al.

No. 41904        June 5, 1961        131 So. 2d 187

*Palmer & Franklin,* Pascagoula, for appellant.

*Rae Bryant,* Gulfport; *Donald Cumbest,* Pascagoula, for appellees.

Lee, P. J.

Reynolds Flora filed his suit against Vernon Fewell and another to recover damages for personal injuries, alleged to have been sustained by him as a proximate result of the negligence of the defendants. The issue was properly joined. The jury returned a verdict for the defendants, and, from the judgment rendered, Flora appealed.

About the middle of the afternoon, on July 21, 1959, Flora, in his Chevrolet pickup truck, was proceeding in a northerly direction, and Vernon Fewell, in his Ford car, was proceeding in a southerly direction, on Highway 63. The vehicles collided. The drivers, who were alone in each vehicle, were injured. They were the only eye-witnesses to the collision. Fewell was rendered unconscious, remained in that condition for eleven days, and had no recollection of the occurrence.

Flora testified that he was on his proper side driving between 45 and 50 miles an hour; that he saw the Ford car approaching at a speed of about 70 miles an hour, "coming across on my side of the road"; that the witness started "to whip off to the right, and something told me no not to do that"; that, when the car came within seven or eight car lengths "I rammed my brakes on and swung over to the left, and when I whipped, Mr. Fewell whipped too, and we run straight together."

Two county highway patrolmen, Howard Ellzey and O. F. Thornton, appeared on the scene shortly after the collision. Ellzey was placed on the stand by the plaintiff and he described the situation which he observed. He said that the Ford was in its proper lane, going south, and that the Chevrolet was partly over in that lane. He observed skidmarks of the Chevrolet for 21 feet, which angled and crossed the center line. Skidmarks of the Ford extended for 65 feet and were straight in its lane. On cross-examination, he identified five photographs of the scene, which were made by officer Thornton at the

time, and which confirmed the description which he had given of the scene. These photographs were introduced in evidence. The witness further testified that he was unable to find anything to show that the Ford car, at the time of the accident or prior thereto, was on the wrong side of the road.

It was stipulated that Thornton's testimony, if he were present, would be the same as that of Ellzey.

Appellant objected to the introduction of one of the photographs, contending that he should have had the privilege of examining Thornton in detail as to the manner in which it was taken, and he now contends here that the court committed reversible error in this particular.

The record shows that the witness was asked by defense counsel "Does that properly represent the skidmarks as you found them and at the time of the accident, Mr. Ellzey?", and he replied "It does, yes, sir." At this juncture defense counsel made an extended objection. Following this, the court itself asked: "Is this a fair and accurate representation of the marks that you saw at the scene of the accident?", and the witness replied, "yes, sir."

This Court in Cinderella Foods, Division of Stevens Industries, Inc. v. Miller, 52 So. 2d 641 (Miss.), in stating the rule as to the admissibility of a photograph, said: "The material inquiry is whether or not it is a fair and accurate reproduction and representation of conditions as they existed at the time of the occurrence involved." See also Orr v. Columbus & Greenville Ry. Company, 210 Miss. 63, 48 So. 2d 630; Gulf, Mobile & Ohio R.R. Company v. Golden, 221 Miss. 253, 72 So. 2d 446; City of West Point, Mississippi v. Meadows, et al., 236 Miss. 394, 110 So. 2d 372.

Obviously there was no error in the admission of the photographs.

The evidence, as developed, made an issue for the jury on the question of negligence; and the verdict

was not against the great weight of the evidence.   In such circumstances, Rule 11 of this Court has no application.   From which it follows that the cause must be, and it is, affirmed.

Affirmed.

*Kyle, Ethridge, Gillespie* and *Jones, JJ.,* concur.