William A. MANN and Joseph D. Coker, Appellants,

v.

ROBERT C. MARSHALL, LTD., a corporation, Appellee.

No. 3955.

District of Columbia Court of Appeals.

Argued Nov. 28, 1966.

Decided April 6, 1967.

M. Michael Cramer, Washington, D. C., with whom H. Thomas Sisk, Washington, D. C., was on the brief, for appellants.

Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellants Mann and Coker, partners operating a shopping center in Maryland, filed suit against appellee, Robert C. Marshall, Ltd., a corporation, for damages arising out of the alleged faulty installation by appellee of two separate central air-conditioning units in the center. Appellee denied any failure in the performance of its contracts. After a trial by the court without a jury, a finding was entered for the corporate defendant. This appeal followed.

It is admitted by both sides that the contracts for the work to be done by appellee provided for the installation of the first unit in January 1962 and the second unit about a year later. Both units were placed on the roof directly above the commercial establishments they were to serve. At some later time, leaks appeared and water damage to the tile ceilings ensued, for which damages in the present suit were sought. Appellants contend that the evidence clearly established that the two air conditioning units were negligently installed by appellee and as a result of the faulty installation leaks occurred which caused the damage. In support of their claim, they rely upon the opinion of an expert witness who testified that the leaks were caused by an improper choice and faulty application of mastic roofing cement and that the units were so placed as to permit small stones in

the roof to be ground through the roofing surface by movement and vibration.

■ Even the uncontradicted testimony of an expert is not necessarily conclusive and binding upon the trial judge as trier of the facts. Wisdom v. Armstrong, D.C.App., 196 A.2d 88 (1963); Randall v. United Securities Corp., D.C.Mun.App., 176 A.2d 788 (1961). Although an expert may give an opinion in his particular field, it is not controlling but is to be considered in connection with all other evidence in the case. No rule of law compels the trier of facts to be bound by the opinion of an expert and he need not surrender his own judgment unless from all the evidence he finds the expert opinion to be correct. Obold v. Obold, 82 U.S.App.D.C. 268, 269, 163 F.2d 32, 33 (1947); Fuchs v. Aronoff, D.C.Mun.App., 46 A.2d 701, 705 (1946). In the instant case, the trial judge was faced with conflicting evidence. Appellee's president testified that the installations were carefully done and that roofing compound standard for the particular jobs was used. To the contrary was the testimony of appellants' expert that the installations were improper and that some leaks may have been caused by persons walking and working on the roof. There were additional conflicts as to the dates the leaks developed and water damage occurred and the extent of the damage attributable to the alleged faulty installation by appellee's workmen. We have long held that questions of negligence and proximate cause are for the determination of the trier of the facts and, absent manifest error, will not be subject to review by us on appeal. Newman v. Eisenberg, D.C.App., 213 A.2d 584 (1965); Phillips v. D. C. Transit System, Inc., D.C. App., 198 A.2d 740 (1964).

■ Appellants also charge error in the admission of certain photographs indicating the condition of the roof and the placement of the various units taken at an undetermined time after the alleged damages had taken place. They argue that the passage of time and physical changes in the roof prevent the photographs from fairly depicting the conditions at the time the damage occurred. We stated in Washington Coca-Cola Bottling Works v. Kelly, D.C. Mun.App., 40 A.2d 85, 87 (1944):

"'It makes no difference, of cours when a picture was taken, if the evidence shows that the conditions are the same as when the accident occurred, or when the evidence shows the difference, if there is any.' It has been held that it is not necessary to prove the time of taking photographs where there has been no change in conditions. The real test is whether the photographs represent with fair accuracy the place of the happening and the physical conditions surrounding it. And photographs are admissible even when they contain points of difference between the time of taking and the time of the accident or injury, provided such differences are disclosed by testimony and made clear to the jury. * * *" [Footnotes omitted.]

The only major change in the roof here involved was identified by appellants' witness as a new additional air conditioning unit. The length of time between the appearance of damage and the taking of photographs is unclear from the record, but appears to be as little as six months. Admission of photographs is within the discretion of the trial judge who is in the best position to determine whether they properly reflect the testimony or the circumstances sought to be depicted. Richardson v. Gregory, 108 U.S.App.D.C. 263, 267, 281 F.2d 626, 630, (1960). We find no clear abuse of that discretion in the present case.

We have considered the record in the light of other alleged errors and find them without merit.

Affirmed.