Cheryl D. SIMMS, a minor, by her mother and next friend, Dorcas G. Simms and Dorcas G. Simms, Appellants,

v.

Herbert C. DIXON and American Liberty Insurance Company, Appellees.

No. 6148.

District of Columbia Court of Appeals.

Submitted April 12, 1972.

Decided May 22, 1972.
Rehearing and Rehearing En Banc Denied July 5, 1972.

---

2. Kass v. Baskin, 82 U.S.App.D.C. 385, 164 F.2d 513 (1947).

3. Ledman v. G.A.C. Fin. Corp. of Baltimore, D.C.App., 213 A.2d 246 (1965).

Edward J. Lopata and William H. Seckinger, Washington, D. C., for appellants.

John Llewellyn Hone, Washington, D. C., for appellee Dixon.

Charles B. Sullivan, Jr., Washington, D. C., for appellee American Liberty Ins. Co., adopting the brief of appellee Dixon.

Before KELLY, FICKLING and PAIR, Associate Judges.

FICKLING, Associate Judge.

This case arises from a collision between automobiles driven by appellant Cheryl Simms and appellee Herbert Dixon. Appellant contends that the trial judge erred in refusing to admit into evidence six photographs of appellant's automobile taken after the collision. We agree, and, therefore, reverse.

During the trial there was an irreconcilable conflict between the testimony of appellant and appellee. Appellee testified that the collision occurred when appellant, suddenly and without warning, turned her vehicle into and across the path of his automobile. He specifically testified that his automobile struck appellant's automobile on the right hand side of her vehicle, "[r]ight in the center. It was a four-door car, with the posts coming up through the center, and right in about where the posts come up, in the center."[1] Appellant testified, however, that after having properly signaled her intention to turn right from the curb lane and while entering the turn, her vehicle was struck in the rear of the right side by appellee's automobile.

During direct examination of appellant, her counsel attempted to introduce six photographs of appellant's vehicle taken after the collision. Counsel informed the trial court that his reason for introducing the photographs was to show where the impact occurred to appellant's vehicle and that he could lay the proper foundation through the appellant. The trial court refused to consider the admissibility of the photographs unless the person who actually took them first testified as to how the photographs were taken and opposing counsel was given an opportunity to cross-examine the photographer. However, the photographer could not be located and the trial court repeated its ruling that appellant's testimony would not be sufficient to lay a proper foundation for the admission of the photographs. In his order denying appellant's motion for a new trial, the trial judge stated that he believed he had acted within his proper discretion in excluding the photographs because:

This Court viewed the pictures and believes it is within its discretion to admit

1. Tr. at 69.

them or bar them where it felt further clarification would be necessary. See Jones Evidence, Volume 3, 5th Edition § 627, p. 1194, which indicates that where dimensons and perspective were critical, for example: establishing an exact point of impact, and not damage, a high degree of authentication is required. . . . [R. at 107.]

We hold that judicial discretion was improperly exercised in this case.

■ Of course, the determination of whether to admit photographs is within the discretion of the trial judge because he is in the best position to determine their relevance and accuracy. Richardson v. Gregory, 108 U.S.App.D.C. 263, 267, 281 F.2d 626, 630 (1960); Mann v. Robert C. Marshall, Ltd., D.C.App., 227 A.2d 769, 771 (1967). However, Professor McCormick has stated the guidelines for determining admissibility as follows:

> [T]he prime condition on admissibility is that the photograph be identified by a witness as a portrayal of certain facts relevant to the issue, and verified by such a witness on personal knowledge as a correct representation of these facts. *The witness who thus lays the foundation need not be the photographer nor need the witness know anything of the time or conditions of the taking.* It is the facts represented, the scene or the object, that he must know about, and when this knowledge is shown, he can say whether the photograph correctly portrays these facts. . . . [C. McCormick, Evidence § 181, at 387 (1954).] (Emphasis added; footnotes omitted.)

Other authorities agree that the photographer is not necessary to lay a proper foundation for the admissibility of the proffered photographs. The essential test is whether the photographs accurately represent the facts allegedly portrayed in them. United States v. Hobbs, 403 F.2d 977, 978 (6th Cir. 1968); State v. Foster, 82 N.M. 573, 484 P. 2d 1283, 1285 (1971); Mann v. Robert C. Marshall, Ltd., *supra*; People v. Herrell, 1 Mich.App. 666, 137 N.W.2d 755, 756 (1965); 3 Wigmore, Evidence § 794(3) (Chadbourn Rev.1970); 2 C. Scott, Photographic Evidence § 1141, at 608–15 (2d ed. 1969). Our examination indicates that Jones on Evidence, relied upon by the trial court, follows the foregoing authorities and does not require the testimony of the photographer to lay a foundation for the admission of a photograph to show damage to an automobile resulting from an accident.

■ In the case at bar, the trial court examined the photographs but made no finding that they did not accurately represent the relevant facts or that he had some question as to their accuracy. Rather, apparently out of a sense of caution because of the obvious importance of the photographs in determining whether the vehicle was struck on the right rear or in the center of the right side, the court simply required that the photographer testify. Dimensions and perspective were not critical to the admissibility of these photographs. In the absence of a finding that the proffered foundation by appellant was not an accurate representation of the vehicle immediately following the accident, it was reversible error to deny admission of the photographs.

In the circumstances of this case we find no abuse of discretion in the trial court's decision to exclude the testimony of a witness whose name was not contained in the pre-trial statements.

Reversed and remanded for a new trial.