**D. C. TRANSIT SYSTEM, INC., Appellant,**

v.

**Herbert L. ACORS, Appellee.**

**No. 5848.**

District of Columbia Court of Appeals.
Argued Feb. 16, 1972.

Decided June 23, 1972.

---

Leonard J. Bonner, Washington, D. C., for appellant.

Shellie F. Bowers, Washington, D. C., with whom Carlisle E. Pratt and Sharon Pratt Dixon, Washington, D. C., were on the brief, for appellee.

Before KELLY, GALLAGHER and REILLY, Associate Judges.

GALLAGHER, Associate Judge:

This case arises from a collision between an automobile owned and operated by appellee, plaintiff below, and a bus owned by appellant D. C. Transit. At the conclusion of a jury trial, appellee was awarded damages in the amount of $3,750.00.

The collision occurred at an uncontrolled intersection (60th and Eades Street, N.E.) at approximately 7:20 a. m. on December 11, 1968. Impact was near the middle of the intersection with the right front of the bus striking the left front fender of appellee's vehicle.

Appellee, who was traveling east on Eades Street and was approaching the intersection from the bus driver's right, testified that as he neared the intersection he looked to his left and right and, after looking to his left once again, entered the intersection. His testimony was that he slowed to a speed of approximately 5 miles per hour as he approached the intersection and accelerated as he entered it. He said he did not observe the bus until he was into the intersection and it was eight feet from him. Appellee estimated the view to the left as only about forty feet due to the relatively steep grade of 60th Street going toward the point where it intersects with Eades.

The bus driver, traveling south on 60th, testified that he initially observed appellee's car when the automobile was 8 to 10 feet from the intersection and that appellee's vehicle was traveling at a high rate of speed. He further stated that the bus entered the intersection before the car, that the bus was going between 12 and 15 miles per hour, and that the crest of the hill on 60th was ninety feet from the intersection. Appellant sought to introduce into evidence certain photographs of the scene of the accident. Appellee stipulated to the admission of photographs showing damage to the car and bus but declined to stipulate to the admission of two photographs showing skid marks on the basis that the skid marks "may or may not have come" from appellee's car.

Since the photographer was not present, counsel for appellant attempted to have the photographs identified by the bus driver. The bus driver testified that the photographs accurately depicted the scene of the accident as he saw it immediately after the collision; that the street supervisor for the Transit Company took photographs of the scene at that time in his presence; and that the photographs contained, among other things, the automobile driven by appellee. It will be recalled that counsel for appellee had previously declined to stipulate to the admission of these particular photographs as they contained skid marks. The objection to the photographs was sustained by the trial court and appellant now contends that the exclusion of these photographs constitutes reversible error.

■ We have often recognized the general rule that the admissibility of photographic evidence as a matter within the sound discretion of the trial judge. Broderick v. Gletner, D.C.App., 249 A.2d 738 (1969); Mann v. Robert C. Marshall, Ltd., D.C.App., 227 A.2d 769 (1967). Recently, however, in reversing the judgment in a case similar to this one in which photographs were excluded from evidence on the basis of lack of testimony by the photographer, we stated that the "essential test [whether a proper foundation has been laid] is whether the photographs accurately represent the facts allegedy portrayed in them." Simms v. Dixon, D.C.App., 291 A.2d 184 (decided May 22, 1972). We held that testimony by the photographer is not indispensible for proper identification and verification of photographic evidence if a witness is able to give testimony meeting this test. See also 2 C. Scott, Photographic Evidence § 1101, at 455–59 (1969); 3 J. Wigmore, Evidence § 794, at 241–43 (Chadbourn rev. 1970). In this case there is testimony by the bus driver that the photographs in question accurately depict the scene of the accident immediately after the collision. There is no indication here that considerations such as perspective or dimensions, which could be supplied only by the photographer, made necessary his testimony to assure dependability of the facts portrayed in the photographs.

■ We do not believe that the fact that skid marks are present in the pictures requires the presence of the photographer if the witness is able to testify that the skid marks appear in the photographs as he observed them at the time of the accident. See Flora v. Fewell, 241 Miss. 345, 131 So.2d 187 (1961). Furthermore, as in Simms, supra, there is no finding by the trial court that the photographs did not accurately present the relevant facts.

■ In this case there was directly conflicting testimony concerning the speeds at which the vehicles were traveling, the view toward the top of the hill on 60th, and which vehicle first entered the intersection. Thus, photographs of the scene of the accident were relevant and material to the issues of negligence and contributory negligence. Due to the nature of the testimony on both sides in this case, photographs depicting the scene of the accident might well be found by the jury to be crucial in reaching its verdict. Consequently, we find it was an abuse of dis-

cretion to deny admission of the photographs and we must remand this case for a new trial at which the photographs may be admitted into evidence.[1]

Remanded for new trial.

---

1. Appellant also contends that it should have been granted a directed verdict as a matter of law due to contributory negligence by appellee. Contributory negligence, however, is ordinarily a question for the jury and based on the disputed facts of the case we cannot conclude that only one conclusion could be reached. Consequently, the denial of such directed verdict was proper. Carter v. Singleton, D.C.App., 219 A.2d 114 (1966). Nor do we find error in the court's instructions to the jury.