## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-CA-00242-SCT

*GINGER MURPHREE, CONSERVATOR OF THE PERSON AND ESTATE OF L.R. MURPHREE*

*v.*

*ABERDEEN-MONROE COUNTY HOSPITAL, BY ITS BOARD OF TRUSTEES, JULIAN A. BROWN, JAMES S. REDDOCH, WILLIAM H. HITT, WILLIAM M. GRACE AND CECIL S. BELLE*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/1/93 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CLAUDE A. CHAMBERLIN |
| ATTORNEY FOR APPELLEE: | ROBERT H. FAULKS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 3/7/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/28/96 |

### BEFORE DAN M. LEE, C.J., BANKS AND McRAE, JJ.

### BANKS, JUSTICE, FOR THE COURT:

¶1. In this matter we consider whether res judicata bars a landlord from recovering statutory double rent, from a hold-over tenant, when the landlord has brought an action under the lease agreement during the hold-over period, but failed to request such double rent for the hold-over period which has passed. We hold that a landlord is not so barred, because the hold-over period establishes a separate and distinct cause of action from that which arose from the lease agreement. Accordingly, we affirm.

### I.

¶2. On June 30, 1983, The Aberdeen-Monroe County Hospital entered into a lease agreement with Drs. L.R. Murphree and J.C. Chauvin. The five-year lease was to commence on August 1, 1983 and was to terminate on July 31, 1988. On August 3, 1988, the hospital administrator sent a letter to Murphree advising him that he was in arrears in the amount of $10,506.92. The letter also requested that Murphree vacate the premises and that he would be charged double rent for any period of time he remained.

¶3. On January 16, 1990, the Hospital filed a complaint against Murphree in the Monroe County Circuit

Court. The complaint alleged that Murphree was jointly and severally liable for $9,000 in unpaid rent. The complaint described the leased premises as 4000 square feet of office space located at 404 South Central Street in Aberdeen, Mississippi. The Complaint also alleged that Murphree had breached the lease agreement and that Murphree refuses to pay the $9,000. The court found that Murphree was personally summoned and that he had failed to file an answer. The court entered a default judgment against Murphree, holding Murphree liable for $9,000 plus prejudgment interest.

¶4. On February 14, 1991, the Hospital filed a second complaint against Murphree, alleging that he was a hold-over tenant and was liable for double rent pursuant to Miss.Code Ann. § 89-7-25 (1972). The Hospital filed an affidavit stating that it was a Community Hospital, organized and existing under the laws of the State of Mississippi. The affidavit stated that as of February 15, 1991, Murphree was still in possession of the leased premises and that he refused to vacate. Murphree claims that he occupied half of the premises during and following the lease period. Murphree further claims that Dr. Chauvin occupied the other half and that Dr. Chauvin vacated the premises prior to the expiration of the lease.

¶5. The affidavit of Julian Brown, president of the Hospital's Board of Trustees, stated that the office building was purchased for the sole purpose of recruiting doctors to locate in Aberdeen and Monroe County. Brown's affidavit also stated that the office building was purchased and leased to doctors, pursuant to local and private legislation, specifically Senate Bill 2214, 1980 Miss.Laws 803. Furthermore, Brown's affidavit stated that the Monroe County Board of Supervisors and the Aberdeen Board of Aldermen passed resolutions authorizing the Hospital to purchase and lease the office building for the express purpose of recruiting doctors. Copies of both resolutions were filed with the court.

¶6. On March 2, 1993, the court entered a judgment in response to the Hospital's motion for summary judgment and Murphree's motion for partial summary judgment. The court's findings of undisputed facts were:

a) The Hospital owned an office located at 404 South Chestnut Street in Aberdeen, Monroe County, Mississippi;

b) The office was purchased and leased pursuant to local and private legislation, specifically Senate Bill 2214 (Ch. No. 803), 1980 Miss.Laws;

c) The Monroe County Board of Supervisors and the Aberdeen Board of Aldermen passed resolutions authorizing the purchase and lease of the office by the Hospital, for the express purpose of recruiting doctors to Aberdeen and Monroe County;

d) The Hospital leased this office to Murphree by a written lease agreement for a period of five (5) years, terminating on July 31, 1988;

e) The Lease agreement required monthly payments of $600 in advance on the first day of each month;

f) Upon termination of the lease term, the hospital made a written demand on Murphree to vacate the office;

g) Murphree refused to voluntarily leave the office, and the hospital petitioned the Monroe County Justice Court for an order of eviction;

h) The Monroe County Justice Court issued an order of eviction to Murphree, and on appeal of that order, Murphree vacated the office on May 18, 1991;

i) Murphree possessed the office after the term of the lease expired on July 31, 1988, for an additional period of 33 months 18 days until May 18, 1991;

j) Murphree never paid any rent to the hospital for the 33 months 18 days he possessed the office as a hold-over tenant after July 31, 1988;

k) The hospital previously filed suit against Murphree to recover earlier unpaid rent in arrears during the lease term to July 31, 1988, and received a judgment against Murphree in Cause No. 90-025-W in the Monroe County Circuit Court;

l) The previous lawsuit and judgment did not seek recovery against Murphree for the statutory double-rent penalty owed by Murphree as a hold-over tenant, after termination of the lease term on July 31, 1988; and

m) The previous lawsuit and judgment did rule that Murphree was jointly and severally liable for all rent in arrears for the entire office space.

The court concluded that Murphree was liable for double rent for the hold-over period, in the amount of $40,296.77. The court also concluded that Murphree knew or could have easily ascertained what he owed the Hospital as a hold-over tenant, and awarded prejudgment interest in the amount of $5,766.78. From this Murphree's estate appeals.

## II.

## A.

¶7. Murphree argues that the claim for double rent for the period between July 31, 1988 to January 16, 1990 should have been barred in the first action, because the Hospital could have claimed the double rent for this period in the first action. The four identities necessary before res judicata is applicable to a cause of action are: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Dunaway v. W.H. Hopper & Associates, Inc.,* 422 So.2d 749, 751 (Miss.1982). Further, the doctrine of res judicata holds that "[a] final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or could have been raised" in an earlier action. *Johnson v. Howell,* 592 So.2d 998, 1002 (Miss.1991). In the first action, the Hospital filed a claim to recover unpaid rent. The first action was filed on January 16, 1990, at which time Murphree was a hold-over tenant. In Hospital's first action they requested and received a default judgment in the amount of $9,000 for rent in arrears, plus accrued interest. The Hospital did not assert a claim for double rent in the first action.

¶8. Although this Court has never considered whether an action against a hold-over tenant is a separate cause of action from an action based on the lease agreement, there is support for such a contention in other jurisdictions. In *650 Park Avenue Corp. v. McRae,* 665 F.Supp. 228, 233 (S.D.N.Y.1987), the court opined:

The common law is that holding over beyond the expiration of a lawful tenancy creates a distinct

cause of action for each term of the implied tenancy. *See Kennedy v. City of New York,* 196 N.Y. 19, 25, 89 N.E. 360 (1909). Splitting an action into separate claims for separate terms may or may not still be appropriate. It remains true, however, that an action based on a prolonged holdover rests on different facts and law than those at issue in a possessory action at the conclusion of a lease term. *Toms Point Apartments v. Goudzward,* 72 Misc.2d 629, 339 N.Y.S.2d 281, 285 (Dist.Ct.Nassau County 1972), *aff'd,* 79 Misc.2d 206, 360 N.Y.S.2d 366 (App.Term 2d Dep't 1973) (holdover tenancy "is a new term for a new period, separate and distinct from that which preceded it"); *United States v. Bedford Associates,* 491 F.Supp. 851, 866 (S.D.N.Y.1980) (Walker, J.), *aff'd in part, rev'd in part on other grounds,* 657 F.2d 1300 (2d Cir.1981), *cert. denied,* 456 U.S. 914, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982). [footnote omitted].

Today we join this line of cases and hold that an action against a hold over tenant is separate and distinct from an action based on the lease agreement. Thus, the Hospital is not barred from bringing this action.

**B.**

¶9. Murphree's next assertion on appeal, is that the hospital's claim is subject to the one-year statute of limitation of Miss.Code Ann. § 15-1-33 (1972), which reads as follows:

All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after.

¶10. The hospital relied on Miss.Code Ann. § 15-1-51 (1972), in order to prevent being barred by the one-year statute of limitation. Section 15-1-51 reads in part, "Statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof...." Murphree claims that because the Hospital was engaged in a proprietary function and the claim involves a penal statute, it is not entitled to the protection of § 15-1-51. In support for this contention, Murphree cites *City of West Point v. Meadows,* 236 Miss. 394, 110 So.2d 372 (1959) and *Pass Christian v. Fernandez,* 100 Miss. 76, 56 So. 329 (1911), where this Court ruled that where an activity is non-governmental or proprietary, the doctrine of sovereign immunity does not bar a cause of action. Murphree concedes that there is no precedent established that directly supports his claims.

¶11. The Hospital cites *Enroth v. Memorial Hospital at Gulfport,* 566 So.2d 202 (Miss.1990), where this Court held that Memorial Hospital at Gulfport is a "subdivision [of the state] or municipal corporation" within the meaning of the Constitution and statutory § 15-1-51. *Id.* The trial court stated that it was undisputed that the Monroe County Board of Supervisors and the Aberdeen Board of Alderman passed resolutions authorizing the purchase and lease of the office by the Hospital, for the express purpose of recruiting doctors to Aberdeen and Monroe County. The court also stated that the office was purchased and leased pursuant to local and private legislation, specifically Senate Bill, 1980 Miss.Laws 803. Section 15-1-51 by its terms is not limited to actions arising out of the performances of governmental functions. Although this Court has held that municipalities are amenable to suit when acting in a proprietary capacity, we have never applied this dichotomy to counties or to a municipality's availment of § 15-1-51. We decline to do so today. Thus, this claim is without merit.

**C.**

¶12. Murphree's third assertion on appeal is that Murphree occupied only part of the premises, and therefore the double rent should be proportional to the portion he occupied. The court found that it had been adjudicated in the first action that Murphree was jointly and severally liable for all rent in arrears for the entire office space. The trial court was correct. Mississippi Code Ann. § 89-7-25, states in part:

> When a tenant being lawfully notified by his landlord, shall fail or refuse to quit the demised premises and deliver up the same as required by the notice ..., he shall, ..., thenceforward pay to the landlord *double the rent which he should otherwise have paid, to be levied, sued for, and recovered as the single rent before the giving of the notice could be ...* [emphasis added].

*See also, Ellison v. Landry,* 199 Miss. 161, 162, 24 So.2d 319, (1946) (stating that the amount recoverable for a hold over tenancy period is double what the tenant agreed to pay.) Under the lease agreement Murphree was jointly and severally liable for the entire rental. Thus, the rental on the entire premises is what "he should otherwise have paid" under the statute.

### D.

¶13. Murphree's last claim of error is that the trial court erred in granting prejudgment interest to the Hospital. It is well settled that:

> Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit. An award of prejudgment interest rests in the discretion of the awarding judge. Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith.

*Hans Construction Co., Inc., v. Drummond,* 653 So.2d 253, 264 (Miss.1995) (quoting *Warwick v. Matheney,* 603 So.2d 330, 342 (Miss.1992)).

¶14. The court stated that "Murphree either knew or could have easily ascertained what he owed the hospital as a hold-over tenant" and accordingly the court awarded prejudgment interest from May 18, 1991, the date Murphree vacated the premises and continued to refuse to pay the hospital.

¶15. Thus, this issue turns on whether the claim was liquidated, denial of the claim was frivolous or in bad faith. The Hospital informed Murphree that it would charge him double rent for any period he stayed past the expiration of the lease. Murphree knew he was occupying the premises, without a lease, and without paying rent. Furthermore, Murphree was requested to leave at the end of the lease and after the first action, but he refused. Based on these facts, we hold that awarding prejudgment interest was well within the discretion of the trial court, in that Murphree's denial was frivolous and arguably in bad faith. Thus, this claim is without merit.

¶16. For the foregoing reasons the judgment of the circuit court is affirmed.

¶17. **AFFIRMED.**

**DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur. MILLS, J., not participating.**